IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LAUREN COOPER, individually and as next friend of her child**, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**AMBASSADOR PERSONNEL, INC.,** )<br>**BLUE CROSS AND BLUE SHIELD OF** )<br>**GEORGIA, SELF INSURANCE PLAN OF** )<br>**AMBASSADOR PERSONNEL AND CONE** )<br>**FINANCIAL GROUP AS THIRD PARTY** )<br>**ADMINISTRATOR,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.<br>3:07cv615-MEF** |

## ANSWER

Defendant Blue Cross and Blue Shield of Georgia ("Blue Cross") responds to plaintiff's Complaint as follows:

1. Since the allegations of this paragraph are not directed at Blue Cross, no response is required.

2. Answering the allegations of paragraph 2, it is unclear whether this allegation is directed at Blue Cross since the term "Defendant" is not defined. To the extent that it is directed at Blue Cross, Blue Cross admits that plaintiff, who is known to Blue Cross as Lauren Smith, seeks benefits related to cancellation of medical insurance but denies that she is entitled to recover from Blue Cross.

3. Answering the allegations of paragraph 3, Blue Cross admits that the action arises under COBRA and ERISA, but denies that it failed to provide any benefits, notices or information to which plaintiff was entitled.

920809.1

4.	Answering the allegations of paragraph 4, Blue Cross admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1). Blue Cross denies the remaining allegations of paragraph 4.

5.	Blue Cross admits the allegations of paragraph 5, except that it denies that it ever was the employer of Plaintiff.

6.	Answering the allegations of paragraph 6, Blue Cross lacks sufficient information to form a belief as to the truth of the allegations regarding Ambassador Personnel. Blue Cross admits that Cone Financial Group, Inc., is a Georgia corporation doing business in Georgia and Alabama. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations regarding Kenneth Cone and, therefore, denies same. Blue Cross admits that it is a Georgia corporation but denies that it issues insurance in the State of Alabama, and denies that it is qualified to do business in Alabama. Blue Cross admits that it is subject to the personal jurisdiction of this Court and that venue is appropriate pursuant to 29 U.S.C. §1132(e)(2). Any allegation of paragraph 6 inconsistent with the foregoing is denied.

7.	Answering the allegations of paragraph 7, Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of the first sentence of paragraph 7 and, therefore, denies same. Regarding the remaining allegations of paragraph 7, Blue Cross admits that at times pertinent to the Complaint it had issued a PPO group health insurance policy to Cone Financial Group, Inc., for the purpose of funding the Cone Financial Group, Inc., Group Health Benefit Plan ("the Plan"). Blue Cross further avers that Cone Financial Group, Inc., terminated the PPO policy effective January 1, 2005. Blue Cross admits that plaintiff, as a participant in the Plan, was covered under the PPO policy issued by Blue Cross from July 1, 2004 until January 1, 2005. Blue Cross denies that plaintiff's unborn child was covered under

the PPO group policy while it was in force. Blue Cross admits that the Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1), but lacks sufficient information to form a belief as to plaintiff and her infant's eligibility to continue coverage under the Plan on and after January 1, 2005 and, therefore, denies that allegation. Any allegation of paragraph 7 inconsistent with the foregoing is denied.

8. Answering the allegations of paragraph 8, Blue Cross admits that the plan sponsor of the Plan was Cone Financial Group, Inc. Blue Cross denies that it was ever the plan sponsor of the Plan. Blue Cross admits that Blue Cross and Cone Financial Group, Inc., were aware that plaintiff had elected COBRA continuation rights. Blue Cross denies the remaining allegations of the paragraph and further denies that it had any obligation to give notices to plaintiff other than those required by applicable law. Blue Cross avers that it gave all notices to plaintiff required of it by applicable law. Any allegation of paragraph 8 inconsistent with the foregoing is denied. Blue Cross denies the remaining allegations of paragraph 8.

9. Answering the allegations of paragraph 9, Blue Cross denies that it ever was the plan administrator of the Plan. Upon information and belief, Blue Cross avers that Cone Financial Group, Inc., was the plan administrator of the Plan, at the time the PPO group policy was cancelled. Blue Cross admits that it was the claims administrator for benefit claims under the Plan while the PPO group policy was in effect. Blue Cross admits that it had those fiduciary and other duties to Plan participants and beneficiaries mandated by ERISA. Any allegation of paragraph 9 inconsistent with the foregoing is denied. Blue Cross lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 9 and, therefore, denies same.

10. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies same.

11. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies same.

12. Answering the allegations of paragraph 12, Blue Cross admits that, after receiving a proper COBRA notice, plaintiff timely completed a COBRA election form in September, 2004 to continue her individual coverage under the Plan. Blue Cross denies that plaintiff sought to enroll or add an unborn child to her coverage at that time. Any allegation of paragraph 12 inconsistent with the foregoing is denied.

13. Answering the allegations of paragraph 13, Blue Cross admits that plaintiff paid all premiums that were due from the effective date of her COBRA continuation coverage to the effective date of cancellation of the PPO policy, January 1, 2005. Blue Cross denies that plaintiff's unborn child was ever covered under the PPO group policy. Blue Cross lacks sufficient information to form a belief as to whether plaintiff sought to pay or paid premiums for COBRA coverage following termination of the PPO group policy and, therefore, denies any allegation of paragraph 13 to that effect.

14. Answering the allegations of paragraph 14, Blue Cross admits that Cone Financial Group, Inc., gave notice to Blue Cross on January 11, 2005 of its intent to cancel the PPO policy effective January 1, 2005. Blue Cross lacks sufficient information to form a belief as to the existence of any notices that may have been given to plaintiff regarding cancellation of the policy and, therefore, denies same. Blue Cross lacks sufficient information to form a belief as to the truth of the allegation of Lauren Cooper's reliance and, therefore, denies same. Blue Cross admits that claims for medical services submitted for plaintiff for dates of service prior to

January 1, 2005, were paid in accordance with the terms of the Plan. Blue Cross denies that it pre-certified plaintiff's hospital admission for delivery and birth of her child and denies that such pre-certification was required under the terms of the Plan. Any allegation of paragraph 14 inconsistent with the foregoing is denied.

15. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 15 and, therefore, denies same.

16. Answering the allegations of paragraph 16, Blue Cross avers that the COBRA statute speaks for itself.

17. Answering the allegations of paragraph 17, Blue Cross sent plaintiff notice of termination of the PPO policy on February 1, 2005. Blue Cross lacks sufficient information as to whether this was the first notice plaintiff had that the PPO policy had been cancelled and, therefore, denies the allegations of paragraph 17 regarding same. Any allegation of paragraph 17 inconsistent with the foregoing is denied.

18. Answering the allegations of paragraph 18, Blue Cross denies that it failed to comply with any statutory requirements regarding COBRA notice or COBRA continuation coverage. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 18 to the extent that they are directed to other defendants and, therefore, denies same.

19. Answering the allegations of paragraph 19, Blue Cross denies that any of its conduct caused plaintiff and her unborn child to be uninsured. To the extent that plaintiff and her unborn child were rendered uninsured, any damages were the result of a superseding intervening cause and not the conduct of Blue Cross.

20. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations regarding payment plans and, therefore, denies same. Blue Cross denies that the existence of any such plan is the proximate result of any conduct by Blue Cross. Blue Cross denies that plaintiff has made demand on Blue Cross for payment of any medical services incurred after January 1, 2005, with the exception of one claim in the billed charge amount of $11.14 from Wheeler Pharmacy. Blue Cross denies that it has received claims for any services related to the delivery of plaintiff's child. Any allegation of paragraph 20 inconsistent with the foregoing is denied.

21. Blue Cross lacks sufficient information to form a belief as to the financial impact on plaintiff alleged therein and, therefore, denies same. Blue Cross denies that any such facts, if true, are the proximate result of any conduct of Blue Cross. Any allegation of paragraph 21 inconsistent with the foregoing is denied.

22. Denied.

23. Denied. Blue Cross avers that plaintiff has not pursued much less exhausted administrative remedies available to her under the Plan.

24. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 24 and, therefore, denies same.

25. Denied.

26. Blue Cross incorporates its responses to paragraphs 1-25.

27. Blue Cross denies that it ever had an employer-employee relationship with plaintiff. Blue Cross admits that an employer-employee relationship existed between plaintiff and Cone Financial Group, Inc.

28. Answering the allegations of paragraph 28, Blue Cross denies that it was plaintiff's employer or the plan sponsor of the Plan. Blue Cross avers that Cone Financial Group, Inc., was plaintiff's employer, was the plan sponsor of the Plan, and employed more than 20 employees at times relevant to the Complaint.

29. Answering the allegations of paragraph 29, Blue Cross admits that plaintiff was a participant in the Plan from July 1, 2004 to January 1, 2005. Blue Cross lacks sufficient information to form a belief as to the status of her participation in the Plan after January 1, 2005 and, therefore, denies same.

30. Admitted.

31. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies same.

32. Answering the allegations of paragraph 32, Blue Cross admits that plaintiff paid all COBRA premiums that were due for the period from her termination on September 15, 2004, up to January 1, 2005. Blue Cross lacks sufficient information to form a belief whether plaintiff made any additional COBRA premium payments for coverage following January 1, 2005 and, therefore, denies same.

33. Answering the allegations of paragraph 33, Blue Cross denies that it cancelled plaintiff's insurance and that it did not give plaintiff notice of the cancellation. Blue Cross lacks sufficient information to form a belief as to the truth of these allegations as to other defendants and, therefore, denies same.

34. Answering the allegations of paragraph 34, Blue Cross denies that any of its actions were unlawful, that any of its actions caused plaintiff to be without insurance, and that its

conduct caused any subsequent treatments for her delivery to be unpaid. Any allegation of paragraph 34 inconsistent with the foregoing is denied.

35. Blue Cross lacks sufficient information to form a belief as to the truth of the allegations of paragraph 35 and, therefore, denies same. Blue Cross denies that this allegation is relevant to plaintiff's claim for benefits.

36. Answering the allegations of paragraph 36, Blue Cross denies that any of its actions were wrongful and that it caused plaintiff to suffer any damages alleged in this paragraph. Blue Cross denies that it is obligated to cover any claims for medical services rendered after the effective date of cancellation of the PPO policy, January 1, 2005. Any allegation of paragraph 36 inconsistent with the foregoing is denied.

37. To the extent the allegations of paragraph 37 are directed to Blue Cross, Blue Cross denies the allegations of paragraph 37. Blue Cross avers that it gave all notices required by COBRA regarding the exercise of plaintiff's COBRA rights and the cancellation of her group coverage. Blue Cross lacks sufficient information to form a belief as to whether any requirements for notice may have been violated by other defendants and, therefore, denies same as to those defendants. Any allegation of paragraph 37 inconsistent with the foregoing is denied.

38. Answering the allegations of paragraph 38, Blue Cross admits that plaintiff seeks the penalties, costs fees and other relief listed in the paragraph but denies that plaintiff is entitled to recover any such relief from Blue Cross.

39. Blue Cross incorporates its responses to paragraphs 1-38. Blue Cross denies that an employer-employee relationship existed between plaintiff and Blue Cross, and that Blue Cross played any role in the termination of her employment and any alleged loss in health benefits. Blue Cross further avers that plaintiff's termination was effected by her employer, Cone

Financial Group, Inc. Blue Cross admits that plaintiff submitted a COBRA election form to continue her coverage under the Plan. Any allegation of paragraph 39 inconsistent with the foregoing is denied.

40. Answering the allegations of paragraph 40, Blue Cross denies that it breached any fiduciary duties it owed to plaintiff and further denies that it failed to give any notice to plaintiff required by ERISA or COBRA. Blue Cross lacks insufficient information to form a belief as to whether any other defendants breached any such duties and, therefore, denies same. Any allegation of paragraph 40 inconsistent with the foregoing is denied.

41. Denied as to Blue Cross.

### FIRST AFFIRMATIVE DEFENSE

Blue Cross avers that plaintiff has failed to pursue and exhaust mandatory administrative remedies that are prerequisite to filing suit against Blue Cross.

### SECOND AFFIRMATIVE DEFENSE

Blue Cross pleads lack of causation between any of its alleged actions or failures to act and plaintiff's alleged injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

Blue Cross avers that any damages alleged by plaintiff are proximately and solely caused by plaintiff's own acts or omissions, or those of a third party over which Blue Cross has not right of control.

### FOURTH AFFIRMATIVE DEFENSE

Blue Cross pleads failure of funding in that on and after January 1, 2005 it no longer funded the Plan with the PPO group policy, therefore, it is not liable to fund claims of plaintiff for dates of service on and after January 1, 2005.

**FIFTH AFFIRMATIVE DEFENSE**

Blue Cross pleads waiver in that plaintiff failed to exercise her conversion rights under the Plan document.

**SIXTH AFFIRMATIVE DEFENSE**

Blue Cross pleads laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Blue Cross pleads failure of condition precedent in that plaintiff has not submitted any claims for any of the medical services made the basis of the Complaint, other than one claim submitted for Wheeler Pharmacy for a date of service January 17, 2005 in the billed charge amount of $11.14.

WHEREFORE, having fully answered plaintiff's Complaint, Blue Cross respectfully requests that plaintiff take nothing by her Complaint and that costs be taxed to plaintiff.

/s Cavender C. Kimble
Attorney for Blue Cross and Blue Shield of Georgia
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5860
E-mail: ckimble@balch.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 30th of July, 2007.

Alicia K. Haynes
Haynes & Haynes
100 Woodmere Drive
Birmingham, AL 35226

                                      Respectfully submitted,

                                      /s Cavender C. Kimble
                                      Cavender C. Kimble
                                      Attorney for Blue Cross and Blue Shield of Georgia
                                      BALCH & BINGHAM LLP
                                      Post Office Box 306
                                      Birmingham, AL 35201-0306
                                      Telephone: (205) 251-8100
                                      Facsimile: (205) 488-5860
                                      E-mail: ckimble@balch.com