**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **LAUREN COOPER, individually**<br>**and as next friend of her child, BCC,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CASE NO.:  3:07cv615-F** |
| ) | |
| **AMBASSADOR PERSONNEL, INC.,** ) | |
| **BLUE CROSS AND BLUE SHIELD** ) | |
| **OF GEORGIA, SELF INSURANCE** ) | |
| **PLAN OF AMBASSADOR** ) | |
| **PERSONNEL AND CONE FINANCIAL** ) | |
| **GROUP AS THIRD PARTY** ) | |
| **ADMINISTRATOR,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**ANSWER**</u>

**COME NOW,** the defendants identified in the Complaint as Ambassador Personnel, Inc., Self-Insured Plan of Ambassador Personnel, and Cone Financial Group as Third-party Administrator and in Answer to plaintiffs' Complaint state as follows:

1.    The defendants admit that the plaintiff is a former employee of Ambassador Personnel, Inc. and has filed an action for legal relief to address alleged wrongful conduct.  Defendants deny any retaliation against the plaintiff or any violation of COBRA or ERISA and demand strict proof thereof.

2.    Denied.

3.    Defendants admit the plaintiff brings this case under COBRA and ERISA. Defendants deny any violations of COBRA or ERISA and demand strict proof thereof.

4.    Defendants admit the existence of federal question jurisdiction.

5.      Defendants deny the actions complained of by the plaintiff took place. The defendants do not have enough information to admit or deny the remaining allegations of Paragraph 5 and demand strict proof thereof.

6.      Defendants admit that Ambassador Personnel, Inc. is a corporation doing business in the State of Georgia.  Defendants admit that Ambassador Personnel, Inc. does business in the State of Alabama.  Defendants do not have enough information to admit or deny the allegations directed at Blue Cross and Blue Shield of Georgia.  The defendants deny the remainder of the allegations in Paragraph 6 and demand strict proof thereof.

7.      Defendants admit that the plaintiff became employed with Ambassador Personnel in 2002.  Defendants admit that the plaintiff was a Business Development Manager in the Opelika office of Ambassador Personnel, Inc. in March 2003. Defendants admit that the plaintiff received healthcare benefits while employed with Ambassador Personnel, Inc.  The defendants deny the remainder of the allegations in Paragraph 7 and demand strict proof thereof.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants do not have enough information to admit or deny the allegations contained within Paragraph 24 and demand strict proof thereof.

25.     Denied.

26.     Defendants reallege and incorporate responses to Paragraphs 1 through 25 herein by reference as if fully set forth herein.  To the extent appropriate, defendants reallege and incorporate responses to Paragraphs 27 through 41 and their affirmative defenses as if fully set forth herein.  Defendants admit that plaintiff was previously an employee of Ambassador Personnel, Inc.

27.     Denied.

28.     Defendants admit that plaintiff was employed by Ambassador Personnel, Inc. for a period of time and that she received health care benefits.  Defendants further admit that Ambassador Personnel, Inc. employs more than 20 individuals.

29.     Defendants admit that plaintiff received health care benefits while she was employed by Ambassador Personnel, Inc.

30.     Defendants admit that plaintiff was informed of her rights pursuant to COBRA at the time she was terminated.  Defendants deny the remainder of the allegations contained within Paragraph 30 and demand strict proof thereof.

31.     Defendants admit that plaintiff was pregnant at the time she was terminated from her employment with Ambassador Personnel, Inc.  The defendants deny the remainder of the allegations contained in Paragraph 31 and demand strict proof thereof.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Defendants admit that the plaintiff seeks damages in this case.  However, the defendants deny that the plaintiff is entitled to any damages and demand strict proof thereof.   The defendants further deny the remainder of the allegations contained in Paragraph 38 and demand strict proof thereof.

39.     Defendants reallege and incorporate responses to Paragraphs 1 through 38 herein by reference as if fully set forth herein.  To the extent appropriate, the defendants reallege and incorporate responses to Paragraphs 40 through 41 and their affirmative defenses as if fully set forth herein.  Defendants admit that the plaintiff's employment was terminated and that she was informed of her rights under COBRA.

40.     Denied.

41.     Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against these defendants upon which relief may be granted to the plaintiff.

4

## SECOND AFFIRMATIVE DEFENSE

The defendants plead the general issue.

## THIRD AFFIRMATIVE DEFENSE

The defendants plead not guilty.

## FOURTH AFFIRMATIVE DEFENSE

The defendants aver that they are not guilty of any violation of the plaintiff's rights under COBRA and/or ERISA.

## FIFTH AFFIRMATIVE DEFENSE

The defendants plead the applicable statutes of limitations and laches.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust her administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for relief is barred for a failure to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff contributed to any of the alleged damages or injuries received.

## NINTH AFFIRMATIVE DEFENSE

The defendants plead waiver, res judicata and collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages resulted from her own conduct, and she contributed to any of the alleged damages or injuries received.  She should be estopped from any cause of action in this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from seeking equitable relief as she comes into this Court with unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant denies any wrongful, tortious, fraudulent or improper conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

The defendants deny that they owed or breached any duty to the plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendants deny that any violation of COBRA or ERISA has occurred and demand strict proof thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendants aver that the Complaint is a violation of the Alabama Litigation Accountability Act, Ala. Code §§12-19-270 et seq., and is inconsistent with Rule 11 of the Federal Rules of Civil Procedure.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants have discharged their duties, if any, including any fiduciary duties, with respect to the Plan in the interest of the Plan's participants and beneficiaries, and in doing so, Defendants acted in accordance with the documents and instruments governing the Plan.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants' actions were not arbitrary, capricious, unreasonable, or made in bad faith. Defendants' actions and determinations were made in accordance with the terms of the Plan and applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' Complaint alleges state law claims, those claims are barred and preempted by ERISA.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' demand for attorney's fees, expenses, and costs should not be granted under ERISA, 29 U.S.C. § 1132(g)(2) because the defenses to this action are made in good faith. Further, plaintiffs are not entitled to attorney's fees under ERISA, as they cannot meet the elements and requirements for such a fee award.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs would not be entitled under any circumstances to an award of attorney's fees or cost incurred prior to the commencement of this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the limitations, recoupment, and offset provisions as provided for in the Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to assert other defenses and claims when and if they become appropriate during this action.

_____/s/_____Emily C. Marks_____
EMILY C. MARKS

_____/s/_____W. Evans Brittain_____
W. EVANS BRITTAIN

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

_____/s/_____Emily C. Marks_____
OF COUNSEL