# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| LAUREN COOPER, individually ) <br> and as next friend of her child, ) <br> BENJAMIN CHRISTOPHER ) <br> COOPER, ) <br>  ) <br>     Plaintiffs, ) <br> v. ) <br>  ) <br> AMBASSADOR PERSONNEL, INC., ) <br> BLUE CROSS AND BLUE SHIELD ) <br> OF GEORGIA, SELF INSURANCE ) <br> PLAN OF AMBASSADOR ) <br> PERSONNEL AND CONE FINANCIAL ) <br> GROUP AS THIRD PARTY ) <br> ADMINISTRATOR, ) <br>  ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 3:07-cv-00615-MEF-WC |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed.R.Civ.P. 26(f), a planning meeting was held on September 4, 2007, with participation by the following:

Alicia K. Haynes for plaintiff, and Evans Brittain for Ambassador Personnel, Inc., Self Insurance Plan of Ambassador Personnel, Cone Financial Group as Third Party Administrator and Cavender C. Kimble for Blue Cross and Blue Shield of Georgia.

2.     **Synopsis of the Case:**

<u>Plaintiff's Position:</u>     Lauren Cooper became employed with Ambassador Personnel on June 6, 2002, and progressed through the company until she was a manager of the Opelika office of Ambassador Personnel in March 2003. Cooper was subsequently terminated but elected to continue her health insurance benefits. As a result of Plaintiff's employment with Ambassador Personnel, Plaintiff and her then unborn child were participants in or qualified beneficiaries of the Cone Financial Group Health Insurance Plan as those terms are defined by COBRA, 29 U.S.C. §§ 1167(2) and (3)(B).  Plaintiff's benefits were canceled without notice to her and despite Cooper paying for the continuation of her health insurance benefits.  At all times relevant to this action, Kenneth Cone and The Cone Financial Group Plan was an employee welfare benefit plan as the term is defined by ERISA, 29 U.S.C. § 1002(1).  Lauren Cooper brings this action to redress the legal and equitable wrongs she and her child suffered when Defendant, Ambassador Personnel, retaliated against her for filing a charge of discrimination and cancelled her health insurance in violation of the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 *et seq.*, ("COBRA") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) causing them to lose medical coverage and incur unreimbursed medical expenses.

Defendant's Position:

Contentions of Blue Cross and Blue Shield of Georgia:

Blue Cross and Blue Shield of Georgia was the insurer for plaintiff's employer's Plan until January 1, 2005, on which date the employer cancelled the BCBSGA group health insurance policy. BCBSGA, therefore, has no contractual or other obligation to reimburse any medical expenses incurred by plaintiff after that date. BCBSGA gave all notices to plaintiff required by COBRA and ERISA. Plaintiff had the opportunity to exercise her conversion rights to continue individual coverage but did not do so. Plaintiff has failed to submit claims for reimbursement of the services she seeks in this lawsuit and has failed to exhaust administrative remedies that are available to her to contest any actions of BCBSGA on which her complaint is based.

Contentions of Ambassador Personnel, Inc., Self Insurance Plan of Ambassador Personnel and Cone Financial Group as Third Party Administrator:

These Defendants deny that they wrongfully terminated the Plaintiff's medical care benefits. These Defendants further deny that they failed to provide proper notice to the Plaintiff, or otherwise failed to comply with ERISA and COBRA requirements. In addition, the matters asserted by the Plaintiff in the matter at hand have previously

been litigated by these parties or their privies and a jury returned a verdict in favor of these Defendants, thereby preventing the Plaintiff from relitigating these issues.

    3.    **Pre-Discovery Disclosures.**  The parties will exchange the information required by Local Rule 26.1(a)(1) by **October 24, 2007.**

    4.    **Discovery Plan.**  The parties jointly propose to the court the following plan:

    a.    Discovery will be needed on the following subjects:

        (1)    the factual and legal issues and claims made by Plaintiff in this action;

        (2)    any and all damages claimed by Plaintiff;

        (3)    factual and legal issues related to Defendant's defenses; and

        (4)    the number of employees of the Defendant employer.

    b.    Disclosure or discovery of electronically store information should be handled as follows:  Upon receipt of discovery requests, the responding party will notify the requesting party within 15 days as to any issues relating to the disclosure or discovery of electronically stored information and the parties will work in good faith to resolve the issues.  The parties further agree that if the issue of producing privileged materials prevents a party from receiving requested electronic discovery,

the parties will work together in good faith to develop a plan addressing the producing party's privilege concerns and the disclosure of relevant and responsive information.

    c.    The Parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: A party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or ESI and any copies thereof and may not use information contained therein until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

    d.    All discovery commenced in time to be completed by **March 31, 2008.**

    e.    Interrogatories: Maximum of **25** interrogatories by each party to any other party. Responses to all Interrogatories are due 30 days after service.

    f.    Requests for Admission: Maximum of **30** Requests for Admission by each party to any other party. Responses to all Requests for Admission are due 30 days after service.

    g.    Depositions: The parties propose **10** depositions by each party. Each deposition limited to maximum of __7__ hours unless extended by agreement of parties.

    h.    Reports from retained experts under Rule 29(a)(2) due:

    From the plaintiff by **January 17, 2008**

    From the defendant by **February18, 2008**

    i.    Supplementation of discovery under Rule 26(e) due every 60 days. Final supplementation is due no later than 30 days prior to the discovery deadline.

    5.    **Other Items.**

    a.    **Scheduling Order Conference**: The parties do not request a conference with the court before entry of a scheduling order.

    b.    **Pretrial Conference.** The parties request a pretrial conference in or after **June 2008**.

  c.  **Additional Parties**:

    (1)  The plaintiff should be allowed until **January 7, 2008**, to join additional parties and to amend the pleadings.

    (2)  The defendant should be allowed until **February 7, 2008**, to join additional parties and to add defenses and amend the pleadings.

  d.  All potentially dispositive motions should be filed by **April 14, 2008**.

  e.  Neither settlement nor the possibility for Alternative Dispute Resolution can be realistically evaluated prior to at least some discovery.

  f.  Final lists of trial evidence under Rule 26(a)(3) should be submitted in accordance with the pretrial order issued by the Court.

  g.  The case should be ready for trial by **August 11, 2008** and, at this time, is expected to take approximately 3 days.

  h.  The parties do not consent to the magistrate judge trying this case.

Dated this the 4th day of September, 2007.

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail: akhaynes@haynes-haynes.com

/s/ Cavender C. Kimble
Cavender C. (Chris) Kimble
Attorney for Defendant

**OF COUNSEL:**

**BALCH & BINGHAM, LLP**
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014
Phone:  (205) 226-3437
Fax:  (205) 488-5860
E-mail:  ckimble@balch.com

/s/ Evans Brittain
Evans Brittain
Attorney for Defendant

**OF COUNSEL:**

**BALL & BALL, MATTHEWS & NOVAK, P.A.**
P.O. Box 2148
Montgomery, Alabama  36102-2148
Phone: (334) 387-7680
E-mail: ebrittain@ball-ball.com