**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                    TELEPHONE (334) 954-3600

December 7, 2007

# NOTICE OF CORRECTION

**From:**            **Clerk's Office**

**Case Style:**      **Lauren Cooper v. Ambassador Personnel, Inc., et al.**

**Case Number:**     **#3:07-cv-00615-MEF**

**Referenced Document:**  **Document #20**
                          **Amended Complaint**

**This notice has been docketed to enter the corrected pdf of the referenced document into the record. The original pdf did not contain the name of one of the original parties due to oversight and clerical error. The corrected pdf is attached to this notice.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LAUREN COOPER, individually** ) | |
| **and as next friend of her child,** ) | |
| **B.C.C.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **3:07-cv-615-MEF** |
| **AMBASSADOR PERSONNEL, INC.,** ) | |
| **BLUE CROSS AND BLUE SHIELD** ) | |
| **OF GEORGIA, SELF INSURANCE** ) | |
| **PLAN OF AMBASSADOR** ) | |
| **PERSONNEL, CONE FINANCIAL** ) | |
| **GROUP AS THIRD PARTY** ) | |
| **ADMINISTRATOR, and KENNETH** ) | |
| **CONE, individually,** ) | |
| ) | |
| **Defendants.** ) | |

## FIRST AMENDED COMPLAINT

**I.    PRELIMINARY STATEMENT**

1.    The plaintiff, Lauren Cooper, a former employee of Ambassador Personnel, brings this action to redress the legal and equitable wrongs she suffered when Defendant, Ambassador Personnel retaliated against her for filing a charge of discrimination and cancelled her health insurance in violation of the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 *et*

*seq.*, ("COBRA") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) causing them to lose medical coverage and incur unreimbursed medical expenses.

2. Plaintiff, Lauren Cooper, individually and as next friend of her child, also bring this action to redress the legal and equitable wrong she and her child suffered when Defendant cancelled their medical insurance coverage in violation and as required under the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 *et seq.*, ("COBRA") and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA) causing them to lose medical coverage and incur unreimbursed medical expenses.

## II.   JURISDICTION AND VENUE

3. This action arises under COBRA and ERISA for denial of information and for denial of benefits.

4. Jurisdiction over plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. § 1132, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and 28 U.S.C. §§ 2201 and 2202.

## III.  PARTIES

5. Plaintiff, Lauren Cooper, [hereinafter "Plaintiff"], is a female and a resident citizen of Chambers County, Alabama. Plaintiff was previously

employed by Defendant and resided in Chambers County, Alabama when the actions of which she complains took place and voluntarily avails herself of the jurisdiction of this Court. Plaintiff, B.C.C., is the minor child of Lauren Cooper (born January 13, 2005), and brings this action by and through Lauren Cooper as parent and next friend.

      6.      Defendant, Ambassador Personnel is a corporation existing pursuant to and by virtue of the Constitution and Laws of the State of Georgia. Ambassador Personnel is a subsidiary wholly owned by Kenneth Cone and Cone Financial Corporation.

      7.      Defendant, Blue Cross and Blue Shield of Georgia is a Georgia corporation doing business as an insurance company in the State of Alabama. At all times relevant, Defendant was qualified to do business within Chambers County, Alabama and is subject to the jurisdiction of this Court.

      8.      Defendant, Self Insurance Plan of Ambassador Personnel is a Georgia corporation and business entity and, on information and belief, insures all entities under Cone Financial.

      9.      Defendant, Cone Financial Group is a corporation existing pursuant to and by virtue of the Constitution and Laws of the State of Georgia and doing business in the State of Alabama.

10.  Defendant, Kenneth Cone is a Georgia resident and the owner of Cone Financial Group and a plan sponsor and fiduciary.  Kenneth Cone had fiduciary obligations to the Plaintiff to administer the plan so as not to injure the Plaintiff.

## IV.  STATEMENT OF FACTS

11.  Plaintiff, Lauren Cooper, became employed with Ambassador Personnel on June 6, 2002, and progressed through the company until she was a manager of the Opelika office of Ambassador Personnel in March 2003.  As a result of Plaintiff's employment with Ambassador Personnel, Plaintiff and her then unborn child were participants in or qualified beneficiaries of the Cone Financial Group Health Insurance Plan as those terms are defined by COBRA, 29 U.S.C. §§ 1167(2) and (3)(B).  At all times relevant to this action, Kenneth Cone and The Cone Financial Group Plan was an employee welfare benefit plan as the term is defined by ERISA, 29 U.S.C. § 1002(1).

12.  At all times relevant to this action Defendants, Kenneth Cone and Cone Financial Group, were the plan sponsors of the health insurance plan, knew that Plaintiff had elected to continue her health insurance and with this knowledge the defendants and their agents had an obligation to keep the Plaintiff informed of any changes to said plan.

13.  Some or all of the defendants, Kenneth Cone, Cone Financial Group,

Ambassador Personnel or Blue Cross and Blue Shield of Georgia were the plan administrators of the Cone Financial Group Health Insurance Plan and administered benefit claims by the participants and beneficiaries under this plan and otherwise had fiduciary duties under COBRA and ERISA toward plan participants and beneficiaries.

      14.    In or around June 30, 2004, Plaintiff announced she was pregnant and expecting her first child.

      15.    On or about September 10, 2004, Defendant terminated the Plaintiff based on her gender, specifically her pregnancy.

      16.    In September 2004, Plaintiff completed the necessary paperwork to continue her health insurance plan for her and her unborn child pursuant to COBRA and ERISA.

      17.    Plaintiff thereafter paid all the necessary monthly premiums to continue the health insurance benefits for her and her unborn child.

      18.    In or about December 2004 or January 2005, Defendant without notice or provocation cancelled Plaintiff's insurance plan despite Plaintiff having made all the payments in a timely fashion. At that time, Lauren Cooper reasonably relied on the insurance coverage under the Cone Financial Health Insurance Plan based on: her prior medical bills having been paid by the plan and the hospital

having been pre-certified with the plan's insurance company for the delivery and birth of plaintiff's child.

19. Shortly before the birth of her child, Plaintiff learned for the first time that her insurance plan had been terminated and she was no longer entitled to health insurance benefits under the Cone Financial Group Insurance plan.

20. Under COBRA, 29 U.S.C. § 1166, some or all of the defendants were obligated to provide Lauren Cooper and her unborn child with notice within the time set forth by the statute that her rights to a continuation of coverage under that statute had been terminated.

21. Notwithstanding these duties imposed by COBRA, Defendant's failed to give Lauren Cooper and her unborn child the required COBRA notice. Plaintiff found out on her own after she had already paid her premiums and incurred medical bills that her health insurance had been unilaterally cancelled by Defendant.

22. Defendant failed to comply with the statutory requirements in continuing the Plaintiff's coverage and failed to inform the Plaintiff of the cancellation of said COBRA coverage so as not to prevent harm and injury to the Plaintiff.

23. As a proximate result of the facts, Plaintiff and her unborn child have

been uninsured and Plaintiff has been personally liable for substantial medical bills for the delivery and birth of her child which should have been covered by the Cone Financial Group Insurance Plan.

24. As a proximate result of the above facts, Lauren Cooper is currently on payment plans for the medical bills for the birth and delivery of her child for which demand has been made to the defendant and refused.

25. As a proximate result of the above facts, Lauren Cooper's credit has been severely damaged and the payment of the bills has caused a severe financial problem for Ms. Cooper.

26. As a proximate result of the facts above, Ms. Cooper was unable to convert what would have been her COBRA coverage to individual coverage so that her pregnancy would not have been treated as a preexisting condition for purposes of any other medical insurance that she would otherwise have been able to obtain.

27. Plaintiff, Lauren Cooper, has been forced to retain an attorney to represent her in this matter.

28. Plaintiff has served by certified mail copies of this complaint on the Secretary of Treasury and the Secretary of Labor in accordance with 29 U.S.C. § 1132(h).

29. Plaintiff has satisfied all conditions precedent and exhausted all

administrative remedies known to her in bringing these claims.

## COUNT ONE

## COBRA AND ERISA VIOLATIONS

30. Plaintiff adopts paragraphs 1-29, above, as if set out in full herein. There existed an employer-employee relationship between Plaintiff and Defendant.

31. Defendants are liable to Lauren Cooper for an amount calculated pursuant to ERISA, § 502(c)(1) on a daily basis from the date they should have provided COBRA notice to her to the date, if any, that they cancelled her COBRA notice.

32. Defendant was Plaintiff's employer and a plan sponsor of a group health insurance plan and employed more than 20 employees at all relevant times.

33. Plaintiff participated in Defendant's group health insurance plan.

34. Upon Plaintiff's termination, Plaintiff made known her intent to exercise her rights pursuant to the Consolidated Omnibus Budget Reconciliation Act (COBRA) 29 U.S.C. § 1162 et seq.

35. Plaintiff was pregnant at the time of her termination and sought to continue her insurance benefits to protect the health of her unborn child and herself.

36. Plaintiff dutifully made all payments to insure her health benefits to

the provider as required.

37. The Defendant cancelled Plaintiff's insurance with said provider and gave no notice to Plaintiff of the cancellation despite Plaintiff's payments to said insurance provider.

38. As a result of Defendant's unlawful actions, Plaintiff was caused to be without insurance and subsequent treatment for the delivery of Plaintiff's child was unpaid by the insurance provider.

39. Plaintiff's termination from employment was not for gross misconduct but rather it was because of discrimination due to her pregnancy as found by a jury in the case of Cooper v. Ambassador Personnel, CV-00138-MHT-DRB.

40. As a result of defendants' wrongful actions in cancelling her insurance coverage, Plaintiff was caused to pay the health provider for the medical services provided to Plaintiff and her child that should have been paid by the insurance company.

41. Defendant failed to give proper written notice to Plaintiff of her COBRA rights and the cancellation of her insurance coverage.

42. Plaintiff seeks legal penalties, costs and taxes up to the maximum allowed by law, including, but not limited to, prejudgement interest, attorney fees, costs and any and all such other relief this Court or the trier of fact may assess.

WHEREFORE, Plaintiff, Lauren Cooper, prays for judgment in her favor and against Defendants:

(a) for a daily amount calculated pursuant to ERISA, § 502(c)(1) [29 U.S.C. § 1132(c)(1)] for the date Defendants failed to provide COBRA notice to that date allowed by the statute.

(b) for a daily amount calculated pursuant to ERISA, § 502(c)(1) [29 U.S.C. § 1132(c)(1)] from the date Defendants failed to provide the requested ERISA documents.

(c) for payment of Plaintiff's medical bills in accordance with the benefits provisions of the Cone Financial Group health insurance plan.

(d) for restoration to covered status under the Cone Financial Group health insurance plan for the remainder of the applicable COBRA continuation period including the right to purchase individual conversion coverage to the end of the applicable COBRA continuation period.

(e) for reasonable attorney fees and costs of this action, for such other legal and equitable relief as this court deems just and necessary.

## COUNT TWO

## **BREACH OF FIDUCIARY DUTY**

43.   Plaintiff adopts paragraphs 1-42, above, as if set out in full herein. There existed an employer-employee relationship between Plaintiff and Defendant that was severed by the employer. Plaintiff elected to continue her health insurance as provided by law.

44.   Defendants breached their fiduciary duty to Lauren Cooper by failing to timely and accurately notify her of her right to continue COBRA continuation coverage under a different plan and to timely notify Lauren Cooper of the cancellation of her previous COBRA plan.

45.   Defendants are liable to Lauren Cooper pursuant to 29 U.S.C. §§ 1132(c)(1) and 1132(g)(1) for reasonable attorney fees and costs.

WHEREFORE, Plaintiff, Lauren Cooper, prays for judgment in her favor and against Defendants:

(a)   for payment by Defendants of medical bills in accordance with the benefit provisions of the Cone Financial Group Health Insurance Plan;

(b)   for restoration to covered status under the Cone Financial Group Health Insurance Plan for the remainder of the applicable COBRA continuation period(s) including the right to purchase individual

>   conversion coverage at the end of the applicable COBRA continuation period(s);
>
> (c) for the reasonable attorney's fees and costs of this action;
>
> (d) for such other legal and equitable relief as this Court deems just and appropriate.

                                        Respectfully submitted,


                                        /s/ Alicia K. Haynes
                                        Alicia K. Haynes
                                        Alabama State Bar No.: 8327-E23A
                                        Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
(205) 879-0377
 **PLEASE SERVE DEFENDANT KENNETH CONE BY CERTIFIED MAIL:**

**DEFENDANT'S ADDRESS:**

Kenneth Cone
P.O. Box 2057
Thomasville, Georgia  31799

**PLAINTIFF'S ADDRESS:**

Ms. Lauren Cooper
c/o Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

                Respectfully submitted,


                /s/ Alicia K. Haynes
                Alicia K. Haynes
                Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of December 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama 36102-2418

Cavender C. Kimble
Balch & Bingham, LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, Alabama 35203-2014

                                              /s/ Alicia K. Haynes
                                              OF COUNSEL