# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

LAUREN COOPER, individually )
and as next friend of her child, )
BENJAMIN CHRISTOPHER )
COOPER, )
           )
     **Plaintiffs,** )
v. )     **CIVIL ACTION NO.**
           )     **3:07-cv-00615-MEF-WC**
AMBASSADOR PERSONNEL, INC., )
BLUE CROSS AND BLUE SHIELD )
OF GEORGIA, SELF INSURANCE )
PLAN OF AMBASSADOR )
PERSONNEL AND CONE FINANCIAL )
GROUP AS THIRD PARTY )
ADMINISTRATOR, )
           )
     **Defendants.** )

---

## MOTION TO COMPEL

---

COMES Now the Plaintiff, Lauren Cooper, by and through her attorney, pursuant to the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court enter an Order compelling Defendants  to respond to Plaintiff's discovery requests.  In support of her motion, Plaintiff states the following:

**A.    Plaintiff's Discovery to Defendants, Ambassador Personnel, Self Insurance Plan of Ambassador Personnel and Cone Financial Group as Third Party Administrator (hereinafter "Defendants")**

1.    On January 16, 2008, Plaintiff served Defendants with Interrogatories and Requests for Production.  **(Exhibits A and B).**

2.    Defendants' responses were due on February 18, 2008.

3.    The parties engaged in settlement discussions during the months of February, March and April but were unsuccessful.

4.    On April 16, 2008, Plaintiff emailed Defendants to inquire as to their responses, as well as Defendants' Initial Disclosure documents.  **(Exhibit C).**

5.    Plaintiff received no response and again emailed Defendants on April 29, 2008, to inquire as to the responses.  **(Exhibit D).**

6.    Defendants responded on April 29, 2008, indicating that the parties were still trying to settle and thus the reason for the lack of responses.  **(Exhibit E).**

7.    Despite Plaintiff's subsequent and repeated efforts, Defendants have failed to serve responsive pleadings to her interrogatories, request for production and Defendants' Rule 26 disclosure documents.

8.    As such, Plaintiff moves this Honorable Court to compel the Defendants to comply with FRCP 33 and 34 and the spirit of the rule as intended in providing

complete documentation and complete answers to Plaintiff's discovery, as well as produce Defendants' Rule 26 disclosure documents.

**B.    Relief Requested**

9.    Defendants filed their motions for summary judgment on April 11, 2008.

10.    This Court entered an order on April 17, 2008, allowing Plaintiff until May 2, 2008, to file her response in opposition.

11.    Plaintiff filed her unopposed motion to extend time to respond to Defendants' motion for summary judgment on April 29, 2008, and this court granted her motion, in part, allowing Plaintiff until May 7, 2008, to respond to Defendants' motion.

12.    Plaintiff is prejudiced in her response to Defendant's motion for summary judgment because Defendant has not responded to Plaintiff's written discovery.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court enter an Order compelling Defendants to answer Plaintiffs' discovery and produce a responsive pleading and documents by Bates numbers that are responsive to each of Plaintiff's First Request for Production of Documents and to produce a responsive pleading answering Plaintiff's interrogatories within **two (2)** days.

FURTHER, Plaintiff respectfully requests this Honorable Court leave to file an **amended** response to Defendant's motion for summary judgment within ten (10) days of Plaintiff's receipt of Defendant's discovery responses, if needed.  Plaintiff will comply with the court's order and file her opposition to Defendant's motion for summary judgment today.

Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiffs

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of May 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cavender C. Kimble, Esq.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL  35201-0306

Evans Brittain
Ball & Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148

/s/Alicia K. Haynes
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN COOPER, individually and as next friend of her child, BENJAMIN CHRISTOPHER COOPER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: 3:07-cv-00615-MEF-WC |
| AMBASSADOR PERSONNEL, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, SELF INSURANCE PLAN OF AMBASSADOR PERSONNEL AND CONE FINANCIAL GROUP AS THIRD PARTY ADMINISTRATOR, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

EXHIBIT

A

PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS,
AMBASSADOR PERSONNEL, INC., SELF INSURANCE PLAN
OF AMBASSADOR PERSONNEL AND CONE FINANCIAL
GROUP AS THIRD PARTY ADMINISTRATOR

Please take notice that this request pursuant to Rule 33, Federal Rules of

Civil Procedure, is for the designated party to answer under oath the following

written interrogatories within thirty (30) days of service thereof.  Responses to one

interrogatory or part of an interrogatory may be incorporated by reference and

response to other interrogatories if, and only if, the clarity and completeness of the

response will not be compromised. You are hereby requested to change and supplement its answers if, at any time, such a change or supplementation is necessary to maintain the accuracy of the answers. If documents are attached to the responses to the discovery request, they should be marked to indicate the request to which they are responsive.

To "identify" a person means to state his name, current or last known address, telephone number and employment now and at times material to the occurrences giving rise to the complaint.

To "identify" a document means to describe it sufficiently to be able to later request its production and to identify as aforesaid the custodian thereof, or to attach a true copy of the document(s) to your answers thereto.

"Including" means including but not limited to.

"Describe" means comprehensive, full, fair, frank, complete, accurate and detailed description of the matter inquired of.

"Employ" or "employed" includes active, current employees, both full and part time as well as persons who have ever in the past been employees of the defendants.

"Termination" means any separation from employment, whether voluntary or involuntary, permanent or temporary, including, but not limited to, discharge,

2

layoff, resignation, leave of absence or mutually agreed upon separation, but excludes approved vacations, sick days or holidays.

Whenever the word "document" is used in this discovery request, it is intended to include any kind of written, typewritten, printed or recorded material whatsoever, including, but without limitation, notes, transcription of notes, memoranda, correspondence, letters, telegrams, publications, agreements, pictures, blueprints, schematics, tape recordings, transcriptions of recordings, video recordings, log books and business records.

If you will do so without a separately filed request for production, please attach to your answer a copy of any document referred to in your answer to this discovery request. If you refuse to do so, with respect to each document, please provide the following information relative to each document:

(A)    the identity of the document including, if appropriate, its date, author, recipient and general subject matter.

(B)    the names and address of all persons who received or possess copies of the document.

(C)    the present location of the document.

(D)    the present custodian of the document.

3

## INTERROGATORIES

1.      How many full-time employees were employed by you in 2005, 2006 and 2007?

2.      How many hours a week did the full-time employees work in 2005, 2006 and 2007?

3.      How many full-time employees are currently employed by your employer?

4.      How many hours a week do full-time employees at your company currently work?

5.      How many part-time employees does your employer's company employ, and what hours do they work?

6.      How many months did the company employ full-time employees last year?

7.      How many months did the company employ part-time employees last year?

8.      What period of time does the employer consider a normal workweek?

9.      What are the name, address and phone number of the plan administrator of the employer's health insurance plan that plaintiff was covered under on the day before her termination?

4

10.   What is the actual cost of the health insurance premium?

11.   What is the amount of the employer's contribution to the cost of the health insurance premium?

12.   What are the costs of the COBRA premium?

13.   Is the company's group health insurance plan subject to COBRA?

14.   Has the company fully complied with COBRA's requirements?

15.   Describe each and every employment-related benefit in which plaintiff received and/or was entitled to receive on the date she was terminated and the corresponding cost of such employment-related benefit from the date of plaintiff's termination up to present date.

16.   Identify all persons, documents, computers, or other electronic records and/or documents consulted or referred to in answering these interrogatories with sufficient particularity to allow said documents to be obtained pursuant to the accompanying Request for Production of Documents.

17.   State each factual basis for which you rely to support all of the defenses cited in Defendant's answer to Plaintiff's complaint cited in the title of this document and identify and attach all documents relating to such defenses.

18.   What administrative remedies has Plaintiff not sought or exhausted that were available to her under the plan?

Respectfully submitted,

_____
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the ___16th___ day of ___January___, 2008.

Cavender C. Kimble, Esq.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL  35201-0306

Evans Brittain
Ball & Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148

_____
OF COUNSEL

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LAUREN COOPER, individually**<br>**and as next friend of her child,**<br>**BENJAMIN CHRISTOPHER**<br>**COOPER,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CIVIL ACTION NO.:**<br>**3:07-cv-00615-MEF-WC** |
| **AMBASSADOR PERSONNEL, INC.,**<br>**BLUE CROSS AND BLUE SHIELD**<br>**OF GEORGIA, SELF INSURANCE**<br>**PLAN OF AMBASSADOR**<br>**PERSONNEL AND CONE FINANCIAL**<br>**GROUP AS THIRD PARTY**<br>**ADMINISTRATOR,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

EXHIBIT
_B_

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS

PLEASE TAKE NOTICE that Plaintiff, Lauren Cooper, by and through her

undersigned attorney, hereby requests that Defendant produce and permit counsel for

Plaintiff an opportunity to inspect and copy the following requested documents, in

accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, at the offices of Plaintiff's counsel, Alicia K. Haynes, Haynes &

Haynes, P.C., 1600 Woodmere Drive, Birmingham, Alabama 35226, or at such other place as the parties mutually agree, within thirty (30) days of service of this request.

## INSTRUCTIONS AND DEFINITIONS

In producing the requested documents, please furnish all documents available to Defendant, including documents in the possession of its attorneys, any investigators and any and all persons acting on Defendant's behalf.

The following document requests are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional documents as Defendant or any persons acting on its behalf may hereafter obtain that relate to any of the requests for production contained herein.  Such supplementary responses are to be served upon counsel for Plaintiff within twenty (20) days after Defendant or its agents know, or should know, of such information.

In producing the documents identified herein, the following definitions shall apply:

(a)    "Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten, or otherwise, recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements,

2

letters, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analysis, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counseling, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other advertisements or articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however, entitled, denominated or described.

      (b)    If any document requested to be produced was, but is no longer in Defendant's possession or control, or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

3

(c)    "Termination" means any separation from employment, whether voluntary or involuntary, permanent or temporary, including, but not limited to, discharge, layoff, resignation, leave of absence or mutually agreed upon separation, but excludes approved vacations, sick days or holidays.

(d)    Any and all descriptions or examples of documents provided hereinafter are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

## DOCUMENTS TO BE PRODUCED

1.    Produce the Cone Financial Group Health Plan that Plaintiff was a participant in or a qualified beneficiary as a result of Plaintiff's employment for the last ten (10) years and current to January 31, 2008, including all plans that superceded the Blue Cross Blue Shield plan that Plaintiff was tendering payments for health insurance continuation.

2.    Please provide copies of all Health Insurance Plans offered by you to your employees for the last ten (10) years through current January 2008.

3.    Please provide all documents attesting to the businesses compliance with COBRA's regulations provided to Plaintiff, any other employee or any third party or government entity.

4

4.     Produce any and all documents describing the employment-related benefits that were made available to Plaintiff by Defendant and the corresponding cost to Defendant to provide those benefits from the date of Plaintiff's termination to present, including, but not limited to retirement, 401(k), sick leave, vacation leave, personal leave, disability insurance, life insurance and health insurance.

5.     Produce any and all versions of Defendant's Policies and Procedures as well as any and all versions of Defendant's Employee Handbooks that existed during Plaintiff's employment.

6.     Produce any and all documents reflecting communications between any Defendant, including, but not limited to letters and emails that refer or relate to Plaintiff, her health insurance and the cancellation of health insurance.

7.     Produce any and all documents that contain statements of employees or agents of Defendant that concern the subject of this lawsuit, including, but not limited to statements obtained from employees in response to Plaintiff's request for COBRA or notes or recordings made as a result of conversations with employees.

8.     Produce any and all documents reflecting the employer's notice to any plan administrator of employee's termination.

5

9.    Produce any and all documents reflecting notices made by the employer or plan administrator to the employee and other qualified beneficiaries of their right to elect COBRA coverage after January 1, 2005, through current.

10.    Produce any and all summary plan descriptions (SPD) for any group health plan that plaintiff was covered under on the day before her termination.

11.    Produce any all plan rules for any group health plan that plaintiff was covered under on the day before her termination.

12.    Produce any correspondence from Kenneth Cone and Cone Financial Group to Plaintiff regarding Plaintiff's elected continuation of health insurance.

13.    Produce any correspondence from Plaintiff to Kenneth Cone and Cone Financial Group regarding Plaintiff's elected continuation of health insurance.

14.    Produce the documentation Plaintiff completed to continue her health insurance plan for her and her unborn child pursuant to COBRA and ERISA.

15.    Produce all insurance statements from Cone Financial Group which depict, including but not limited to, premiums paid by Plaintiff.

16.    Produce all documentation from and between any Defendant relating to the cancellation of the Blue Cross Blue Shield plan by Cone Financial Group, Inc. on or about January 11, 2005, of its intent to cancel the PPO policy effective January 1,

2005, including all communication or notices Cone Financial Group, Inc. or Blue Cross Blue Shield provided to any and all employees of any covered entity.

17.    Copies of all checks provided from Cone Financial Group to Blue Cross Blue Shield and copies of all refund checks provided by Blue Cross Blue Shield.

18.    Provide all plan documents of Cone Financial Group's self-funded health plan after 2004.

19.    Provide the copy of the notice provided by Blue Cross Blue Shield to Plaintiff that terminated her coverage and any subsequent documentation relating to all unpaid claims of Plaintiff or her child.

20.    Provide copies of all refund checks provided by Cone Financial Group or Blue Cross Blue Shield for paid premiums made by Plaintiff for January 2005.

21.    Provide the complete claim file on Plaintiff and her child.

22.    Provide the complete insurance file on Plaintiff which indicates the contract, application of Plaintiff, insurance continuation forms, all riders and/or amendments.

23.    Produce documentation on the cancellation of Plaintiff's insurance plan.

24.    Produce the notice given to Plaintiff that her rights to a continuation of COBRA coverage had been terminated.

25.    Produce any and all bills paid and/or denied to Blue Cross and Blue

Shield relating to Plaintiff, Lauren Cooper, and her child from 2004 and 2005.

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the ___16th___ day of ___January___, 2008.

Cavender C. Kimble, Esq.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL  35201-0306

Evans Brittain
Ball & Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148

_____
OF COUNSEL

9

Jenny Connell

| | |
|---|---|
| **From:** | Jenny Connell Smith [jlconnell@haynes-haynes.com] |
| **Sent:** | Wednesday, April 16, 2008 7:46 PM |
| **To:** | 'Kimble, Cavender'; 'Evans Brittain' |
| **Cc:** | Alicia Haynes |
| **Subject:** | Lauren Cooper |
| **Importance:** | High |

Evans,

We received your initial disclosures on October 22, 2007, referencing certain documents. I wanted to confirm that all disclosure documents have been produced. It appears that we have about seven pages of documents which were e-mailed to us in a PDF document on March 7, 2008. Additionally, plaintiff propounded discovery to you on January 16, 2008. However, it does not appear that Defendants have responded to Plaintiff's discovery requests. Please forward Defendants' responses at your earliest convenience.

===============

Chris,

We received your initial disclosures Bates Nos. 1-105, but it doesn't appear that you have responded to discovery either, which I believe would simply be responses to request for production, not interrogatories. Please forward Defendant's response at your earliest convenience.

===============

If I am incorrect regarding any of the above, please advise. Additionally, please confirm with me if it appears that we have all the documents which have been forwarded to our office.

Thanks,

Jenny Connell Smith, Paralegal
Jenny Connell Smith
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226
Phone:  (205) 879-0377
Facsimile:  (205) 879-3572
E-mail:  jlconnell@haynes-haynes.com
Website:  www.haynes-haynes.com

PLEASE NOTE:



The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
Sent: Monday, March 31, 2008 9:05 AM
To: Evans Brittain; Jenny Connell Smith; Alicia Haynes
Subject: RE: Lauren Cooper

I forgot that I have that day blocked out for Thomasville. Will the TPA be deposed that day as well?
Chris

-----Original Message-----
From: Evans Brittain [mailto:ebrittain@ball-ball.com]
Sent: Monday, March 31, 2008 8:48 AM
To: Jenny Connell Smith; Kimble, Cavender; Alicia Haynes
Subject: Re: Lauren Cooper

My rep is available for Thursday the 3rd in Thomasville
----- Original Message -----
From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
To: "'Kimble, Cavender'" <CKIMBLE@balch.com>; <ebrittain@ball-ball.com>; "Alicia Haynes"
<akhaynes@haynes-haynes.com>
Sent: Monday, March 31, 2008 8:38 AM
Subject: RE: Lauren Cooper


> Alicia will be in shortly. I will get all this together and handle
> before lunch.
>
> Thanks,
>
>
> Jenny Connell Smith, Paralegal
> Jenny Connell Smith
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL 35226
> Phone: (205) 879-0377
> Facsimile: (205) 879-3572
> E-mail: jlconnell@haynes-haynes.com
> Website: www.haynes-haynes.com
>

> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for
> the personal and confidential use of the recipient(s) named above.
> This message may be an attorney-client communication and as such is
> privileged and confidential.  If the reader of this message is not the

> intended recipient or an agent responsible for delivering it to the
> intended recipient, you are hereby notified that you have received
> this document in error and that any review, dissemination,
> distribution, or copying of this message is strictly prohibited.  If
> you have received this communication in error, please notify us
> immediately by e-mail, and delete the original message.
>
>
>
>
> -----Original Message-----
> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
> Sent: Monday, March 31, 2008 8:08 AM
> To: ebrittain@ball-ball.com; akhaynes@haynes-haynes.com
> Cc: jlconnell@haynes-haynes.com
> Subject: Re: Lauren Cooper
>
> Do we have dates for Thomasvoille?
> Sent from my Blackberry wireless
> _____
> _____
> ___
>
> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary,

> this communication (including any attachments) is not intended or
> written to be used, and cannot be used, for the purpose of (i)
> avoiding penalties under the Internal Revenue Code or (ii) promoting,
> marketing, or recommending to another party any transaction or matter
> addressed herein.
>
> CONFIDENTIALITY NOTE: This email and any attachments may be
> confidential and protected by legal privilege. If you are not the
> intended recipient, be aware that any disclosure, copying,
> distribution or use of the e-mail or any attachment is prohibited. If
> you have received this email in error, please notify us immediately by

> replying to the sender and deleting this copy and the reply from your
> system. Thank you for your cooperation.
> _____
> _____
> _

>

> -----Original Message-----
> From: Evans Brittain <ebrittain@ball-ball.com>
> To: Alicia Haynes <akhaynes@haynes-haynes.com>; Kimble, Cavender
> CC: Jenny Connell <jlconnell@haynes-haynes.com>
> Sent: Mon Mar 31 06:19:22 2008
> Subject: Re: Lauren Cooper
>
> I got my hearing moved from April 2.  I have the deposition down for
> 10:00 at Alicia's office.
>
>
> ----- Original Message -----
> From: Alicia Haynes <mailto:akhaynes@haynes-haynes.com>
> To: Alicia Haynes <mailto:akhaynes@haynes-haynes.com> ; Evans
> Brittain <mailto:ebrittain@ball-ball.com> ; Kimble, Cavender
> <mailto:CKIMBLE@balch.com>
> Cc: Jenny Connell <mailto:jlconnell@haynes-haynes.com>
> Sent: Thursday, March 27, 2008 2:12 PM
> Subject: RE: Lauren Cooper
>
> My mistake - she is available 4/2.
>
> _____
>
> From: Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
> Sent: Thursday, March 27, 2008 2:08 PM
> To: 'Evans Brittain'; 'Kimble, Cavender'
> Cc: Jenny Connell
> Subject: Lauren Cooper
>
>
> Ms. Cooper is available on 4/1 for deposition.  Let me know if this
> will work for you all so I can let her know something definate.
Thanks.
> Alicia
>
> Alicia K. Haynes
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226
> Phone:  (205) 879-0377
> Fax:  (205) 879-3572
> E-mail:  akhaynes@haynes-haynes.com
> Web:  www.haynes-haynes.com
>
> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for
> the personal and confidential use of the recipient(s) named above.

> This
> message may be an attorney-client communication and as such is
> privileged and confidential.  If the reader of this message is not the

> intended recipient or an agent responsible for delivering it to the
> intended recipient, you are hereby notified that you have received
> this document in error and that any review, dissemination,
> distribution, or copying of this message is strictly prohibited.  If
> you have received this communication in error, please notify us
> immediately by e-mail, and delete the original message.
>
>
>
>
>
>
>

Jenny Connell

| | |
|---|---|
| **From:** | Jenny Connell Smith [jlconnell@haynes-haynes.com] |
| **Sent:** | Tuesday, April 29, 2008 3:25 PM |
| **To:** | 'Kimble, Cavender'; 'Evans Brittain' |
| **Cc:** | Alicia Haynes |
| **Subject:** | RE: Lauren Cooper |

Evans,

We never received a response regarding your discovery.  Can you let us know where you are with responses?

Thanks, Jenny

================

Chris,

We received your e-mail regarding your discovery responses.  I believe you and I spoke about this and had decided that those items not applicable to Blue Cross would be responded to as such.  If your understanding is different, please let us know.

Thanks, Jenny

-----Original Message-----
From: Jenny Connell Smith [mailto:jlconnell@haynes-haynes.com]
Sent: Wednesday, April 16, 2008 7:46 PM
To: 'Kimble, Cavender'; 'Evans Brittain'
Cc: Alicia Haynes
Subject: Lauren Cooper
Importance: High



Evans,

We received your initial disclosures on October 22, 2007, referencing certain documents.  I wanted to confirm that all disclosure documents have been produced.  It appears that we have about seven pages of documents which were e-mailed to us in a PDF document on March 7, 2008.  Additionally, plaintiff propounded discovery to you on January 16, 2008.  However, it does not appear that Defendants have responded to Plaintiff's discovery requests.  Please forward Defendants' responses at your earliest convenience.

==============

Chris,

We received your initial disclosures Bates Nos. 1-105, but it doesn't appear that you have responded to discovery either, which I believe would simply be responses to request for production, not interrogatories.  Please forward Defendant's response at your earliest convenience.

===============

If I am incorrect regarding any of the above, please advise. Additionally, please confirm with me if it appears that we have all the documents which have been forwarded to our office.

Thanks,



Jenny Connell Smith, Paralegal
Jenny Connell Smith
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Phone: (205) 879-0377
Facsimile: (205) 879-3572
E-mail: jlconnell@haynes-haynes.com
Website: www.haynes-haynes.com

PLEASE NOTE:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.



-----Original Message-----
From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
Sent: Monday, March 31, 2008 9:05 AM
To: Evans Brittain; Jenny Connell Smith; Alicia Haynes
Subject: RE: Lauren Cooper

I forgot that I have that day blocked out for Thomasville. Will the TPA be deposed that day as well?
Chris

-----Original Message-----
From: Evans Brittain [mailto:ebrittain@ball-ball.com]
Sent: Monday, March 31, 2008 8:48 AM
To: Jenny Connell Smith; Kimble, Cavender; Alicia Haynes
Subject: Re: Lauren Cooper

My rep is available for Thursday the 3rd in Thomasville
----- Original Message -----

From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
To: "'Kimble, Cavender'" <CKIMBLE@balch.com>; <ebrittain@ball-ball.com>; "Alicia Haynes"
<akhaynes@haynes-haynes.com>
Sent: Monday, March 31, 2008 8:38 AM
Subject: RE: Lauren Cooper


> Alicia will be in shortly.  I will get all this together and handle
> before lunch.
>
> Thanks,
>
>
> Jenny Connell Smith, Paralegal
> Jenny Connell Smith
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226
> Phone:  (205) 879-0377
> Facsimile:  (205) 879-3572
> E-mail:  jlconnell@haynes-haynes.com
> Website:  www.haynes-haynes.com
>
> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for
> the personal and confidential use of the recipient(s) named above.
> This message may be an attorney-client communication and as such is
> privileged and confidential.  If the reader of this message is not the

> intended recipient or an agent responsible for delivering it to the
> intended recipient, you are hereby notified that you have received
> this document in error and that any review, dissemination,
> distribution, or copying of this message is strictly prohibited.  If
> you have received this communication in error, please notify us
> immediately by e-mail, and delete the original message.
>
>
>
>
>
> -----Original Message-----
> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
> Sent: Monday, March 31, 2008 8:08 AM
> To: ebrittain@ball-ball.com; akhaynes@haynes-haynes.com
> Cc: jlconnell@haynes-haynes.com
> Subject: Re: Lauren Cooper
>
> Do we have dates for Thomasvoille?
> Sent from my Blackberry wireless
> _____

> _____
> \_\_\_
>
> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary,

> this communication (including any attachments) is not intended or
> written to be used, and cannot be used, for the purpose of (i)
> avoiding penalties under the Internal Revenue Code or (ii) promoting,
> marketing, or recommending to another party any transaction or matter
> addressed herein.
>
> CONFIDENTIALITY NOTE: This email and any attachments may be
> confidential and protected by legal privilege. If you are not the
> intended recipient, be aware that any disclosure, copying,
> distribution or use of the e-mail or any attachment is prohibited. If
> you have received this email in error, please notify us immediately by

> replying to the sender and deleting this copy and the reply from your
> system. Thank you for your cooperation.
> _____
> _____
> \_
>
> -----Original Message-----
> From: Evans Brittain <ebrittain@ball-ball.com>
> To: Alicia Haynes <akhaynes@haynes-haynes.com>; Kimble, Cavender
> CC: Jenny Connell <jlconnell@haynes-haynes.com>
> Sent: Mon Mar 31 06:19:22 2008
> Subject: Re: Lauren Cooper
>
> I got my hearing moved from April 2.  I have the deposition down for
> 10:00 at Alicia's office.
>
>
> ----- Original Message -----
> From: Alicia Haynes <mailto:akhaynes@haynes-haynes.com>
> To: Alicia Haynes <mailto:akhaynes@haynes-haynes.com> ; Evans
> Brittain <mailto:ebrittain@ball-ball.com> ; Kimble, Cavender
> <mailto:CKIMBLE@balch.com>
> Cc: Jenny Connell <mailto:jlconnell@haynes-haynes.com>
> Sent: Thursday, March 27, 2008 2:12 PM
> Subject: RE: Lauren Cooper
>
> My mistake - she is available 4/2.
>
> _____
>
> From: Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
> Sent: Thursday, March 27, 2008 2:08 PM
> To: 'Evans Brittain'; 'Kimble, Cavender'
> Cc: Jenny Connell

> Subject: Lauren Cooper
>
>
> Ms. Cooper is available on 4/1 for deposition.  Let me know if this
> will work for you all so I can let her know something definate.
Thanks.
> Alicia
>
> Alicia K. Haynes
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226
> Phone:  (205) 879-0377
> Fax:  (205) 879-3572
> E-mail:  akhaynes@haynes-haynes.com
> Web:  www.haynes-haynes.com
>
> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for
> the personal and confidential use of the recipient(s) named above.
> This
> message may be an attorney-client communication and as such is
> privileged and confidential.  If the reader of this message is not the

> intended recipient or an agent responsible for delivering it to the
> intended recipient, you are hereby notified that you have received
> this document in error and that any review, dissemination,
> distribution, or copying of this message is strictly prohibited.  If
> you have received this communication in error, please notify us
> immediately by e-mail, and delete the original message.
>
>
>
>
>
>

Jenny Connell

**From:**      Evans Brittain [ebrittain@ball-ball.com]
**Sent:**      Tuesday, April 29, 2008 3:36 PM
**To:**        Jenny Connell Smith
**Subject:**   Re: Lauren Cooper


I talked to Alicia and we are going to make a run at settlement.  She called me on Friday and yesterday and I was out of town on Friday in depos and in mediation Monday.  I called her back this a.m.  Ask her to call me when she gets a chance.  Thanks, Evans
----- Original Message -----
From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
To: "'Kimble, Cavender'" <CKIMBLE@balch.com>; "'Evans Brittain'"
<ebrittain@ball-ball.com>
Cc: "Alicia Haynes" <akhaynes@haynes-haynes.com>
Sent: Tuesday, April 29, 2008 3:24 PM
Subject: RE: Lauren Cooper


> Evans,
>
> We never received a response regarding your discovery.  Can you let us
> know where you are with responses?
>
> Thanks, Jenny
>
> ================
>
> Chris,
>
> We received your e-mail regarding your discovery responses.  I believe
> you and I spoke about this and had decided that those items not
> applicable to Blue Cross would be responded to as such.  If your
> understanding is different, please let us know.
>
> Thanks, Jenny
>
>
> -----Original Message-----
> From: Jenny Connell Smith [mailto:jlconnell@haynes-haynes.com]
> Sent: Wednesday, April 16, 2008 7:46 PM
> To: 'Kimble, Cavender'; 'Evans Brittain'
> Cc: Alicia Haynes
> Subject: Lauren Cooper
> Importance: High
>
> Evans,
>
> We received your initial disclosures on October 22, 2007, referencing



EXHIBIT

E

1

> certain documents.  I wanted to confirm that all disclosure documents
> have been produced.  It appears that we have about seven pages of
> documents which were e-mailed to us in a PDF document on March 7,
> 2008.  Additionally, plaintiff propounded discovery to you on January
> 16, 2008.  However, it does not appear that Defendants have responded
> to Plaintiff's discovery requests.
> Please forward Defendants' responses at your earliest convenience.
>
> ==============
>
> Chris,
>
> We received your initial disclosures Bates Nos. 1-105, but it doesn't
> appear that you have responded to discovery either, which I believe
> would simply be responses to request for production, not
> interrogatories.  Please forward Defendant's response at your earliest
> convenience.
>
> ==============
>
> If I am incorrect regarding any of the above, please advise.
> Additionally,
> please confirm with me if it appears that we have all the documents
> which have been forwarded to our office.
>
> Thanks,
>
>
>
>
>
> Jenny Connell Smith, Paralegal
> Jenny Connell Smith
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226
> Phone:  (205) 879-0377
> Facsimile:  (205) 879-3572
> E-mail:  jlconnell@haynes-haynes.com
> Website:  www.haynes-haynes.com
>
> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for
> the personal and confidential use of the recipient(s) named above.
> This message may be an attorney-client communication and as such is
> privileged and confidential.  If the reader of this message is not the
> intended recipient or an agent responsible for delivering it to the
> intended recipient, you are hereby notified that you have received
> this document in error and that any review, dissemination,
> distribution, or copying of this message is strictly prohibited.  If

> you have received this communication in error, please notify us
> immediately by e-mail, and delete the original message.
>
>
>
>
>
> -----Original Message-----
> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
> Sent: Monday, March 31, 2008 9:05 AM
> To: Evans Brittain; Jenny Connell Smith; Alicia Haynes
> Subject: RE: Lauren Cooper
>
> I forgot that I have that day blocked out for Thomasville. Will the
> TPA be deposed that day as well?
> Chris
>
> -----Original Message-----
> From: Evans Brittain [mailto:ebrittain@ball-ball.com]
> Sent: Monday, March 31, 2008 8:48 AM
> To: Jenny Connell Smith; Kimble, Cavender; Alicia Haynes
> Subject: Re: Lauren Cooper
>
> My rep is available for Thursday the 3rd in Thomasville
> ----- Original Message -----
> From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
> To: "'Kimble, Cavender'" <CKIMBLE@balch.com>;
> <ebrittain@ball-ball.com>; "Alicia Haynes"
> <akhaynes@haynes-haynes.com>
> Sent: Monday, March 31, 2008 8:38 AM
> Subject: RE: Lauren Cooper
>
>
>> Alicia will be in shortly.  I will get all this together and handle
>> before lunch.
>>
>> Thanks,
>>
>>
>> Jenny Connell Smith, Paralegal
>> Jenny Connell Smith
>> Haynes & Haynes, P.C.
>> 1600 Woodmere Drive
>> Birmingham, AL  35226
>> Phone:  (205) 879-0377
>> Facsimile:  (205) 879-3572
>> E-mail:  jlconnell@haynes-haynes.com
>> Website:  www.haynes-haynes.com
>>
>> PLEASE NOTE:
>>

3

>> The information contained in this e-mail message is intended only for
>> the personal and confidential use of the recipient(s) named above.
>> This message may be an attorney-client communication and as such is
>> privileged and confidential.  If the reader of this message is not
>> the
>
>> intended recipient or an agent responsible for delivering it to the
>> intended recipient, you are hereby notified that you have received
>> this document in error and that any review, dissemination,
>> distribution, or copying of this message is strictly prohibited.  If
>> you have received this communication in error, please notify us
>> immediately by e-mail, and delete the original message.
>>
>>
>>
>>
>>
>> -----Original Message-----
>> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
>> Sent: Monday, March 31, 2008 8:08 AM
>> To: ebrittain@ball-ball.com; akhaynes@haynes-haynes.com
>> Cc: jlconnell@haynes-haynes.com
>> Subject: Re: Lauren Cooper
>>
>> Do we have dates for Thomasvoille?
>> Sent from my Blackberry wireless
>> _____
>> _
>> _____
>> ___
>>
>> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the
>> contrary,
>
>> this communication (including any attachments) is not intended or
>> written to be used, and cannot be used, for the purpose of (i)
>> avoiding penalties under the Internal Revenue Code or (ii) promoting,
>> marketing, or recommending to another party any transaction or matter
>> addressed herein.
>>
>> CONFIDENTIALITY NOTE: This email and any attachments may be
>> confidential and protected by legal privilege. If you are not the
>> intended recipient, be aware that any disclosure, copying,
>> distribution or use of the e-mail or any attachment is prohibited. If
>> you have received this email in error, please notify us immediately
>> by
>
>> replying to the sender and deleting this copy and the reply from your
>> system. Thank you for your cooperation.
>> _____
>> _

>> _____
>> _
>>
>> -----Original Message-----
>> From: Evans Brittain <ebrittain@ball-ball.com>
>> To: Alicia Haynes <akhaynes@haynes-haynes.com>; Kimble, Cavender
>> CC: Jenny Connell <jlconnell@haynes-haynes.com>
>> Sent: Mon Mar 31 06:19:22 2008
>> Subject: Re: Lauren Cooper
>>
>> I got my hearing moved from April 2.  I have the deposition down for
>> 10:00 at Alicia's office.
>>
>>
>> ----- Original Message -----
>> From: Alicia Haynes <mailto:akhaynes@haynes-haynes.com>
>> To: Alicia Haynes <mailto:akhaynes@haynes-haynes.com> ; Evans
>> Brittain <mailto:ebrittain@ball-ball.com> ; Kimble, Cavender
>> <mailto:CKIMBLE@balch.com>
>> Cc: Jenny Connell <mailto:jlconnell@haynes-haynes.com>
>> Sent: Thursday, March 27, 2008 2:12 PM
>> Subject: RE: Lauren Cooper
>>
>> My mistake - she is available 4/2.
>>
>> _____
>>
>> From: Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
>> Sent: Thursday, March 27, 2008 2:08 PM
>> To: 'Evans Brittain'; 'Kimble, Cavender'
>> Cc: Jenny Connell
>> Subject: Lauren Cooper
>>
>>
>> Ms. Cooper is available on 4/1 for deposition.  Let me know if this
>> will work for you all so I can let her know something definate.
> Thanks.
>> Alicia
>>
>> Alicia K. Haynes
>>
>> Alicia K. Haynes
>> Haynes & Haynes, P.C.
>> 1600 Woodmere Drive
>> Birmingham, AL  35226
>> Phone:  (205) 879-0377
>> Fax:  (205) 879-3572
>> E-mail:  akhaynes@haynes-haynes.com
>> Web:  www.haynes-haynes.com
>>
>> PLEASE NOTE:

>>
>> The information contained in this e-mail message is intended only for
>> the personal and confidential use of the recipient(s) named above.
>> This
>> message may be an attorney-client communication and as such is
>> privileged and confidential.  If the reader of this message is not
>> the
>
>> intended recipient or an agent responsible for delivering it to the
>> intended recipient, you are hereby notified that you have received
>> this document in error and that any review, dissemination,
>> distribution, or copying of this message is strictly prohibited.  If
>> you have received this communication in error, please notify us
>> immediately by e-mail, and delete the original message.
>>
>>
>>
>>
>>
>>
>>
>
>
>
>
>
>