IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **LAUREN COOPER, et al.,** | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:07-cv-00615-MEF-WC |
| **AMBASSADOR PERSONNEL, INC.,** | ) | |
| **BLUE CROSS AND BLUE SHIELD** | ) | |
| **OF GEORGIA, SELF INSURANCE** | ) | |
| **PLAN OF AMBASSADOR** | ) | |
| **PERSONNEL AND CONE FINANCIAL** | ) | |
| **GROUP AS THIRD PARTY** | ) | |
| **ADMINISTRATOR,** | ) | |
| | ) | |
|    Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT
OF UNDISCLOSED WITNESS IN ITS ENTIRETY
AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
PURSUANT TO FRCP 37 TO EXCLUDE ANY TESTIMONY OR
REFERENCE TO THE TESTIMONY OF
DONNA WHIDDON**

Pursuant to FRCP 26 and 37, Plaintiff, by and through her undersigned attorney, moves this Honorable Court to strike the affidavit of Donna Whiddon, produced by Defendant in its entirety and to further preclude the admission of any testimony or reference to the testimony of Donna Whiddon that supports Defendant's motion for summary judgment. In support of this Motion, Plaintiff states as follows:

1. Defendant has identified for the first time, in its Motion for Summary Judgment, the affidavit and testimony of Donna Whiddon. **(Exhibit A, attached to this motion for ease of the court's reference)**. Defendant uses only the testimony of the Plaintiff and Ms. Whiddon to support its motion for summary judgment. Ms. Whiddon was never disclosed by Defendant in any Rule 26 disclosures submitted by Defendant. Further, Defendant has not provided any answer to Plaintiff's discovery that provides the name of Ms. Whiddon as having discoverable information.

2. In her affidavit, Ms. Whiddon provides she was employed by Taylor Benefit Resources, but does not state during what period of time she was employed, her capacity nor her position or title. It is not evident from her affidavit when Whiddon became employed with Taylor Benefit Resources nor how this individual could testify that she was releasing Cone Financial Group from its obligation by virtue of her employment with a third party. Any opinion to this matter would be misplaced and further not supported by the evidence.

3. Further, in Defendant's recent production of the Cone Insurance Plan documents, Taylor Benefit Resources is listed as the claims supervisor, not the plan administrator. **(See Exhibit B).**

4. In paragraphs 5 and 6 of her affidavit, Whiddon attempts to provide impermissible opinion evidence and vaguely provides that unknown and unnamed

individuals, within the same batch of letters as Plaintiff's alleged letter, were notified of the insurance change by way of the same letter format. Without identifying the specific individuals, Plaintiff cannot draft a meaningful response, nor can Plaintiff respond to Whiddon's opinion that some similarly situated individuals continued their COBRA coverage who were notified in the same batch of letters.

5. Further, Whiddon provides another improper opinion in paragraph 6 of her affidavit by making the giant leap that, in her opinion, given the fact that <u>certain</u> individuals elected to continue COBRA benefits and the fact that notice letters were sent to those individuals in the same batch, she is absolutely <u>certain</u> that the letter sent to Plaintiff was properly addressed, had proper postage and was properly mailed. (Whiddon Aff., ¶ 6, (emphasis added)).

6. Further, in paragraph 7, Whiddon again attempts to testify as to her opinion as to what the United States Post Office should have done if the Plaintiff's letter was not properly deliverable. Whiddon does not state the basis of her expert opinion about United States Post Office operations and as such, this paragraph is due to be struck.

7. As additional grounds to strike Whiddon's affidavit, Defendant failed to list Whiddon in any Rule 26 disclosures or interrogatory responses. This lawsuit was filed on July 2, 2007, in the Middle District of Alabama, Northeastern Division. On

3

September 4, 2007, the parties submitted a Joint Report of Parties' Planning Meeting agreeing to exchange "the information required by Local Rule 26.1(a)(1) on or before October 24, 2007."

8. Defendant served its initial disclosures on October 22, 2007. There were no supplements by Defendant. **(Exhibit C, attached)**.

9. Donna Whiddon **has never been disclosed by the defendant** as required by Federal Rules of Civil Procedure 26(1)(a).

10. A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, **or on a motion** any witness or information not so disclosed. FRCP 37 (c)(1).(Emphasis added).[1]

11. Federal Rule of Civil Procedure 37(c) incorporates a concept of fundamental fairness that all parties must adhere to during the discovery process. Further Rule 37(c) not only contemplates, but mandates that if a party fails to make

---

[1] Rule 26 also requires discovery-related filings to be signed by the attorney of record. The signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case. Fed. R. Civ. P. 26(g)(2). Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule.

the required disclosures, and the failure is not harmless, then the party is not permitted to use the evidence. The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery. *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condominium Ass'n*, No. 00 C 1110, 2002 WL 356483, at *4 (N.D.Ill. Mar.5, 2002).

12.     The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to judicial management of the case. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995).

13.     The 2000 advisory committee's note to Rule 26(a)(1)(A) and (B) defines "use" to include any use at a pretrial conference, **to support a motion**, or at trial. The defendant's failure to disclose Donna Whiddon is not harmless since the Defendant is now relying on this undisclosed witness to support its motion for summary judgment.

14.     There is ample case law that supports Plaintiff's contention that where the Defendant has not provided any reason for failing to serve its initial disclosures and the Plaintiff would be prejudiced if Defendant was permitted to use an undisclosed witness or exhibit at trial, the Defendant is barred from using any

evidence or witness at trial that has not already been disclosed in Plaintiff's initial disclosures. *U.S. v. Kahn* 2005 WL 3801810, *1 (M.D.Fla., Nov. 18, 2005).

15. The Plaintiff was not only prejudiced in her discovery, but was prejudiced in the preparation of her response to defendant's dispositive motion and rebutting the defendant's arguments. *Hermeling v. Montgomery Ward & Co., Inc.*, 851 F.Supp. 1369, 1376 (D.Minn.1994) ("Furthermore, Hermeling's counsel's untimely disclosure has unfairly prejudiced Montgomery Ward in its preparation for this motion [for summary judgment] by effectively precluding any type of formal rebuttal.") (citing *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572 (8th Cir.1989)); see also *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985-87 (6th Cir.1988) (analyzing an earlier version of Rule 37). This Court should uphold the fundamental fairness dictated in Rule 37(c).

16. Under Rule 37(c), the district court's latitude is wide. See *Poulin v. Greer*, 18 F.3d 979, 984 (1st Cir.1994). For failure to make the specified discovery, the district court is directed to preclude as evidence "any witness or information not so disclosed," and "[i]n addition to or in lieu of this sanction, the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions. FRCP 37(c).

WHEREFORE, the defendant is without substantial justification for its failure to disclose a material witness that it now attempts to use to support its Motion for Summary Judgment. The Plaintiff has been prejudiced in her discovery and in responding to the defendant's motion for summary judgment. The Plaintiff will suffer irreparable harm that cannot be cured absent this court imposing the mandates of Rule 37(c).

Plaintiff moves this Court to strike the affidavits of Donna Whiddon in its entirety. Further, the Plaintiff moves this Court for a Protective Order excluding the testimony of Donna Whiddon and further, any other witness not so disclosed by the defendant.

    Respectfully submitted,

    /s/ Alicia K. Haynes
    Alicia K. Haynes
    Attorney for Plaintiffs

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of May 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cavender C. Kimble  
Balch & Bingham LLP  
P.O. Box 306  
Birmingham, AL  35201-0306

Emily Marks  
Evans Brittain  
Ball & Ball, Matthews & Novak, P.A.  
P.O. Box 2148  
Montgomery, AL  36102-2148

                                          /s/Alicia K. Haynes  
                                          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAUREN COOPER, individually and as next friend of her child, BCC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO.: 3:07cv615-F ) |
| AMBASSADOR PERSONNEL, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, SELF INSURANCE PLAN OF AMBASSADOR PERSONNEL AND CONE FINANCIAL GROUP AS THIRD PARTY ADMINISTRATOR, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

STATE OF GEORGIA

COUNTY OF THOMAS

### AFFIDAVIT OF DONNA WHIDDON

Before me, the undersigned authority, a Notary Public in and for said state and county, personally appeared DONNA WHIDDON, and after being duly sworn, under oath, deposes and says the following:

1. My name is DONNA WHIDDON, and I have personal knowledge of information contained in this Affidavit.

2. Attached hereto as Exhibit 1 is a copy of a letter that I sent to Lauren Smith. At the time that I sent this letter to Lauren Smith, I was working for Taylor Benefit Resource, Inc. This letter was sent to Lauren Smith to notify her that as of January 1,


EXHIBIT A

2005, all individuals insured under the Blue Cross/Blue Shield and Employer's Life Health Plans would roll over into new Platinum Plans administered by Taylor Benefit Resource, Inc.

3. The date on this letter is computer-generated to reflect the date that the document is created. It cannot be manually changed.

4. As can be seen from the address of the letter, this letter was mailed to Lauren E. Smith at 114 Morgan Street, Valley, Alabama 36854.

5. The letter to Lauren Smith was part of a batch of letters sent to Lauren Smith and other similarly situated individuals who received COBRA benefits through Blue Cross/Blue Shield as of the date that Ambassador Personnel, Inc. moved to the self-administered program. Some of the similarly situated individuals within this batch continued their COBRA coverage through the self-insured plan administered by Taylor Benefit Resource, Inc. Those individuals would have been notified of the change by way of the same letter attached hereto as Exhibit 1.

6. Given the fact that certain individuals elected to continue to receive COBRA benefits through the plan administered by Taylor Benefit Resource, Inc. and the fact that the notice letters sent to those individuals were contained within the same batch as the notice letter sent to Lauren Smith, I am absolutely certain that the letter sent to Lauren Smith was properly addressed, had proper postage and was properly mailed.

7. The letter sent to Lauren Smith was sent by first class mail. If the post office was not able to properly deliver the letter to Mrs. Smith, the letter should have been returned to Taylor Benefit Resource, Inc. The letter attached hereto as Exhibit 1 was not returned to Taylor Benefit Resource, Inc.

"The above information is true and correct to the best of my knowledge and belief."

*Donna Whiddon*
DONNA WHIDDON

SWORN TO and SUBSCRIBED before me on this the 11th day of April, 2008.

*Lynn W. Leach*
NOTARY PUBLIC
My commission expires: 3/5/2010

3

## GENERAL PLAN INFORMATION

**TYPE OF ADMINISTRATION**

The Plan is a self-funded group health Plan and the administration is provided through a Third Party Claims Supervisor. The funding for the benefits is derived from the funds of the Employer and contributions made by covered Employees. The Plan is not insured.

**PLAN NAME**

Ambassador Personnel Services Employee Benefit Plan

**PLAN NUMBER:** 501

**TAX ID NUMBER:** 58-2271511

**PLAN EFFECTIVE DATE:** January 1, 2005
**PLAN RESTATED:** January 1, 2007

**PLAN YEAR ENDS:** December 31st

**EMPLOYER INFORMATION**

>Ambassador Personnel Services
>P. O. Box 2057
>Thomasville, Georgia 31799
>229-226-2909

**PLAN ADMINISTRATOR**

>Benefit Coordinator
>Ambassador Personnel Services
>P. O. Box 2057
>Thomasville, Georgia 31799
>229-226-2909

**NAMED FIDUCIARY**

>Financial Officer
>Ambassador Personnel Services
>P. O. Box 2057
>Thomasville, Georgia 31799

**AGENT FOR SERVICE OF LEGAL PROCESS**

>Financial Officer
>Ambassador Personnel Services
>P. O. Box 2057
>Thomasville, Georgia 31799

**CLAIMS SUPERVISOR**

>Taylor Benefit Resource, Inc.
>P. O. Box 6580
>Thomasville, Georgia 31758
>1-229-225-9943 or 1-888-352-5246



BY THIS AGREEMENT, Ambassador Personnel Services Employee Benefit Plan is hereby adopted as shown.

IN WITNESS WHEREOF, this instrument is executed for Ambassador Personnel Services on or as of the day and year first below written.

By_____
     Ambassador Personnel Services

Date _____

Witness _____

Date _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LAUREN COOPER, individually )
and as next friend of her child, BCC, )
)
Plaintiffs, )
)
v. ) CASE NO.: 3:07cv615-F
)
AMBASSADOR PERSONNEL, INC., )
BLUE CROSS AND BLUE SHIELD )
OF GEORGIA, SELF INSURANCE )
PLAN OF AMBASSADOR )
PERSONNEL AND CONE FINANCIAL )
GROUP AS THIRD PARTY )
ADMINISTRATOR, )
)
Defendants. )

## INITIAL DISCLOSURES

COMES NOW, the Defendant identified in the Complaint as Ambassador Personnel, Inc., Self Insurance Plan of Ambassador Personnel and Cone Financial Group, as Third Party Administrator, and provides the following Rule 26 information:

A. Provide to other parties the name and, if known, the address and telephone number for each individual believed by it to have discoverable, non-privileged personal knowledge concerning any significant factual issue in this case, appropriately indicating the subjects about which the person has such knowledge:

    1. Lauren Cooper
       current address unknown

Ms. Cooper is expected to have knowledge of her employment at Ambassador Personnel, and the other matters alleged in her Complaint.

    2. Ron Parrish
       Cone Financial Group
       P O Box 2057
       Thomasville, GA  31799


EXHIBIT C

Mr. Parrish is the Vice President of Human Resources and Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Workforce Personnel, and other allegations of the Complaint.

3. Doug Wilson
   Cone Financial Group
   P O Box 2057
   Thomasville, GA 31799

Mr. Wilson is the President of Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and other allegations of the Complaint.

4. Ken Cone
   Cone Financial Group
   P O Box 2057
   Thomasville, GA 31799

Mr. Cone is the CEO of Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and other allegations of the Complaint.

5. Jill Thompson
   3055 Lorna Road, Suite 105
   Hoover, AL 35216

Ms. Thompson is the Regional Vice President of Cone Financial Group, Inc. She is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, working conditions with Ms. Cooper, and other allegations of the Complaint.

6. Lesley Yancey
   3320 Skyway Drive, Suite 807
   Opelika, AL 36804

Ms. Yancey was the Office Manager at Ambassador Personnel. She is expected to

have knowledge of Ms. Cooper's employment at Ambassador Personnel, working conditions with Ms. Cooper, and other allegations of the Complaint.

      7.     Charlie Hall
             Cone Financial Group
             P O Box 2057
             Thomasville, GA  31799

Mr. Hall is the Corporate Vice President of Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and other allegations of the Complaint.

      8.     Connie Clark
             Cone Financial Group
             P O Box 2057
             Thomasville, GA  31799

Ms. Clark is the Controller for Cone Financial Group, Inc. She is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and other allegations of the Complaint.

      9.     Rita Bundrick
             Cone Financial Group
             P O Box 2057
             Thomasville, GA  31799

Ms. Bundrick is the head of payroll at Cone Financial Group, Inc. She is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and other allegations of the Complaint.

      10.    Neil Fennell
             Cone Financial Group
             P O Box 2057
             Thomasville, GA  31799

Mr. Fennell is the CFO of Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and the allegations of the Complaint.

      11.    Otis Boyd
               Cone Financial Group
               P O Box 2057
               Thomasville, GA 31799

Mr. Boyd is Corporate Vice President of Cone Financial Group, Inc. He is expected to have knowledge of Ms. Cooper's employment at Ambassador Personnel, and the allegations of the Complaint.

    B.    Make available to other parties for inspection and copying, as under Federal Rule of Civil Procedure 34, all documents, data compilations, and tangible things in its possession, custody or control that may be used by it to support its contentions with respect to any significant factual issue in the case.

      1.    Application for Lauren Cooper.

      2.    04/14/03 employment agreement.

      3.    07/13/04 employment agreement.

      4.    Any and all documents relating to plaintiff's health insurance benefits through the Defendant.

      5.    Any and all documents relating to plaintiff's receipt of her rights under COBRA.

    C.    Provide to other parties a computation of any category of damages claimed by it, making available for inspection and copying, as under Federal Rule of Civil Procedure 34, the documents or other evidentiary materials, not privileged or protected from disclosure, on which computation is based, including materials bearing

on the nature and extent of injuries suffered.

This Defendant is not asserting a claim for damages in this action, this request is, therefore, not applicable to this Defendant.

D.   Provide to other parties for inspection and copying as under <u>Federal Rule of Civil Procedure</u> 34, any insurance agreement under which any person carrying on an insurance business, may be liable to satisfy part or all of a judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment.

None.

_____
W. Evans Brittain
Attorney for Cone Financial Group, Inc.

<u>OF COUNSEL:</u>
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon the undersigned by placing copy of same in the United States mail, first class, postage prepaid and properly addressed on this October 22, 2007.

Alicia K. Haynes
HAYNES & HAYNES
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble, Esq.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014

_____
OF COUNSEL