**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **LAUREN COOPER, individually**<br>**and as next friend of her child, BCC,**     ) | |
| )| |
| **Plaintiffs,**     ) | |
| )| |
| **v.**     ) | **CASE NO.:  3:07cv615-F** |
| )| |
| **AMBASSADOR PERSONNEL, INC.,**     )<br>**BLUE CROSS AND BLUE SHIELD**     )<br>**OF GEORGIA, SELF INSURANCE**     )<br>**PLAN OF AMBASSADOR**     )<br>**PERSONNEL AND CONE FINANCIAL**     )<br>**GROUP AS THIRD PARTY**     )<br>**ADMINISTRATOR,**     ) | |
| )| |
| **Defendants.**     ) | |

**DEFENDANTS' RESPONSE TO MOTION TO STRIKE AFFIDAVIT**

**COME NOW,** the Defendants designated as Ambassador Personnel, Inc., Self-Insurance

Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth

Cone, individually, and hereby file this Response to Plaintiff's Motion to Strike Affidavit,

submit the following:

1.     The primary basis upon which the Plaintiff asks this Court to strike the Affidavit

of Donna Whiddon is that Donna Whiddon was not disclosed as a witness in response to the

Rule 26 disclosures, or any of the Plaintiff's discovery requests.  This contention is simply

incorrect.

2.     The primary issue upon which this entire litigation centers is whether the Plaintiff

was provided notice of the fact that Ambassador Personnel's Plan was being changed to a self-

funded plan.  These Defendants contend that the Plaintiff was given notice of this change by

Taylor Benefit Resources, who was hired by Ambassador to handle the health Insurance for

Ambassador, and point to a January 15, 2005 letter written to the Plaintiff, as providing notice of this change. This is the single most important document in this case. The person that wrote that letter is Donna Whiddon, who worked for Taylor Benefit Resources at the time. The Plaintiff's counsel was provided a copy of this letter by counsel for these Defendants on March 7, 2008. (Exhibit 1). Thus, Plaintiff's counsel knew, or should have known, that Donna Whiddon, as the person who wrote the notice letter, would be a key witness in this case, as of March 7, 2008. The Plaintiff is correct that Donna Whiddon is not disclosed in the Defendants' Initial Disclosures. However, this is due to the fact that at the time the Initial Disclosures were submitted to the Plaintiff, the undersigned counsel was not aware of the fact that Donna Whiddon was the person that wrote the letter to Lauren Cooper.

The reason why the Defendants' discovery responses were not provided until the date that they were, in fact, provided was due to an agreement between Plaintiff's counsel and Defendants' counsel. The parties had agreed that the Defendants need not respond to outstanding discovery due to the fact that the parties were engaged in settlement negotiations. On May 7th, Plaintiff's counsel notified Defendants' counsel that Defendants need to respond to the outstanding discovery. These responses were prepared and mailed to Plaintiff's counsel as soon as possible, which was May 15th.

3.      In addition, Donna Whiddon was discussed during the Plaintiff's deposition which took place on April 2, 2008, and the letter in question was marked as an Exhibit to that deposition. (Exhibit 2, Cooper Depo at 42: 14 - 47:3 and Exhibit 6). Plaintiff's counsel was present during the deposition of her client. Specifically, the following exchange took place concerning Donna Whiddon:

Q.   Do you know Donna Whiddon, the person whose name is on the bottom of that letter?

A.  No, sir.

Q.   Other than the fact you -- it's your testimony that you did not receive this letter, do you have any reason to believe that she didn't mail the letter?

MS. HAYNES:  Object to the form.

A.  No, sir.

Q.  Do you have any reason to believe that she didn't put the proper postage on it --

A.  No, sir.

Q.  -- other than the fact that you didn't receive it?

A.  No, sir.

Q.   And do you have any reason to believe that it wasn't put in a mailbox, or whatever, and sent to your address other than the fact that you did not receive it?

A.  Right.

Q.  You're agreeing with me on that; correct?

A.  Correct.

Q.   And can you think of any reason why Donna Whiddon or anybody over there at Taylor Benefit Resource would have to intentionally fail to notify you of this change?

A.  No, sir.

(Exhibit 2, Cooper Depo at 45:22 - 47:3).

4.     Finally, at the time that counsel for the parties were scheduling the deposition of Lauren Cooper, discussions, which took place beginning around March 20th through the end of March,  were also had concerning Plaintiff's counsel taking the deposition of the corporate representative of these Defendants.  During these same discussions, Plaintiff's counsel discussed taking the deposition of someone from Taylor Benefit Resources, the company whom Donna Whiddon worked for at the time she sent the January 15, 2005 letter.  Both Ambassador Personnel and Taylor Benefit Resources are located in Thomasville, Georgia, and out of

convenience, the depositions of both the Ambassador Personnel representative and the person from Taylor Benefit Resources with the most knowledge about this matter were going to be scheduled together.  Plaintiff's counsel decided that it was not necessary to move forward with the depositions in Thomasville prior to Motion for Summary Judgment filings, although she did believe she would need to depose these individuals prior to trial.

Thus, contrary to the assertions made by the Plaintiff in her Motion to Strike, she knew who Donna Whiddon was in sufficient time to conduct whatever discovery, including depositions, that were necessary to respond to the Defendants' Motion for Summary Judgment. The Plaintiff simply elected not to do so.  This is not a valid reason to have Donna Whiddon's Affidavit stricken.

5.      The Plaintiff also addresses specific facts set forth in Donna Whiddon's Affidavit and argues that these particular facts are not admissible.  First of all, the Plaintiff takes issue with the fact that Donna Whiddon's Affidavit does not state the date or capacity in which she was employed with Taylor Benefit Resources.  While the Affidavit does not state the exact dates that Donna Whiddon was employed by Taylor Benefit Resources, Mrs. Whiddon does state in her affidavit that she was employed with Taylor Benefit Resources at the time that she sent the January 15, 2005 letter.  Therefore, she was employed by Taylor Benefit Resources at all times relevant to this lawsuit.  The Plaintiff fails to state the significance of Donna Whiddon's position or title with Taylor Benefit Resources.

6.      Secondly, the Plaintiff contends that Donna Whiddon's Affidavit fails to sufficiently state "how this individual could testify that she was releasing Cone Financial Group from its obligation by virtue of her employment with a third party." This has nothing to do with the issues raised in the Defendants' Second Motion for Summary Judgment.  This appears to be

related to an issue raised in the Plaintiff's Opposition Brief wherein the Plaintiff contends that these Defendants have argued that they are not responsible for providing notice due to the fact that Taylor Benefits Resources was the entity hired by Ambassador to provide notice. This argument was not made in either of the Motions for Summary Judgment filed by these Defendants.

7. In paragraph 3 of her Motion to Strike, the Plaintiff states that Taylor Benefit Resources is listed as the claims supervisor, as opposed to the Plan Administrator in the Ambassador Personnel Plan. The Plaintiff is correct in this contention, but again, fails to state what relevance this has.

If the Defendants were contending, as the Plaintiff incorrectly argues, that the Defendants were not responsible for the lack of notice because the duty was placed solely upon Taylor Benefit Resources, this information may be relevant. However, that is not the case. Defendants acknowledge that they are responsible for making a good faith effort to provide notice to the Plaintiff.

8. The Plaintiff also claims that the individuals referred to in Donna Whiddon's Affidavit are not specifically identified and that the Plaintiff therefore cannot make any meaningful response.

Had the Plaintiff elected to take the deposition of the person at Taylor Benefit Resources most knowledgeable with the facts surrounding this lawsuit, the Plaintiff may have discovered this information. The fact that the Plaintiff did not discover this information is due solely to her decision not to take this deposition.

9. Paragraph 5 of the Motion to Strike states that Mrs. Whiddon's statement that she is certain that the January 15, 2005 letter was properly mailed to Lauren Smith based on the fact

that certain individuals within the same batch of letters elected to continue to receive COBRA benefits was based on an impermissible inference.  The only means by which the individuals who elected to continue COBRA coverage would know to contact Taylor Benefit Resources is through the letter sent by Donna Whiddon.  That is the sole reason why the Plaintiff has filed this lawsuit against these Defendants, based on the Plaintiff's contention that the only means she had of discovering the fact that her health Insurance would no longer be offered through Blue Cross/Blue Shield, but through a self-funded plan instead, was through Ambassador, which hired Taylor Benefit Resources to provide that notice.  Thus, the Plaintiff has failed to explain how any of these individuals would have known to have contacted Taylor Benefit Resources in order to continue their COBRA coverage.  This necessarily means that the letter was mailed to and received by the individuals that continued their COBRA coverage.

10.    The Plaintiff also objects to Whiddon's Affidavit in regards to the fact that Mrs. Whiddon states that had the letter not been properly delivered to Ms.  Smith, it would have been returned to Taylor Benefit Resources.  The Plaintiff characterizes this as some sort of expert testimony.  To the contrary, all Mrs. Whiddon stated was that the letter was sent by first class mail.  Letters sent by first class mail are returned to the sender if they are not properly deliverable.  A person does not have to be an expert in the postal service to know this.

11.    In addition to the fact that none of the cases cited by the Plaintiff are 11th Circuit cases, all of the cases in the Plaintiff's Brief are distinguishable from the facts before this Court. *Hermieiling v. Montgomery Ward & Company, Inc.*, 851 F.Supp. 1369 (D.Minn. 1994) dealt with a situation where the Plaintiff submitted an expert affidavit four days after the defendant's Motion for Summary Judgment was filed.  In addition, the expert affidavit was submitted eleven days after the agreed-to deadline for expert disclosures and 3-1/2 months after the court's

scheduled deadline for expert disclosure. The Court held that the expert affidavit should be stricken.

*Tallarico v. Transworld Airlines, Inc.*, 881 F.2d 566 (8th Cir. 1989) also dealt with the exclusion of an expert witness. In that case, the expert was not disclosed at any time, including in the pretrial witness list, and it was not made available to the objecting party until the trial began.

*Taylor v. Medtronics, Inc.*, 861 F.2d 980 (6th Cir. 1980) addressed a situation where the plaintiff failed to adhere to two separate court orders compelling the plaintiff to make their expert available for deposition by a certain cutoff date. Not only did the plaintiff fail to abide by the cutoff dates, the plaintiff also made misrepresentations to the defendants as to the dates that the expert could be available. Based on this, the expert's testimony was stricken.

In *Poplin v. Greer*, 18 F.3rd 979 (1st Cir. 1994), a witness was actually allowed to testify at trial, even though not listed on a witness list, where the objecting party had spoken to the same person that disclosed the identity of this witness to the offering party, and the offering party believed that the person had disclosed the identity of this witness to the objecting party, as well.

*Hermeiling*, *Tallarico*, and *Taylor* are distinguishable from the facts before this Court in that the objecting party was severely prejudiced in all these cases due to the lack of disclosure. In the matter at hand, and contrary to the Plaintiff's assertion, Donna Whiddon's identity was disclosed to the Plaintiff on March 7, 2008. In addition, the Plaintiff alone made the decision not to take the deposition of anyone at Taylor Benefit Resources, or any individual, for that matter. The Plaintiff cannot claim unfair surprise or prejudice when she was provided the name of Donna Whiddon and made her own decision not to follow up on that information.

Additionally, the discovery deadline has not passed and simultaneous with the filing of this Response, the Defendants are submitting Supplemental Initial Disclosures.

The facts before this Court are more analogous to _Whatley v. Merit Distribution Services_, 166 F.Supp. 2nd 1350 (S.D. ala. 2001).  In _Whatley_, the Defendant sought to exclude three witnesses disclosed for the first time on the plaintiff's witness list submitted with the pretrial order.  These witnesses were not disclosed in the initial disclosures or at any other time before the filing of the pretrial order.

The Court held that exclusion of the witnesses was not warranted, "due to the specific nature of this case [automobile accident case] in the way that discovery has proceeded, Defendants have since had ample time within which to address any concerns as to these witnesses." _Whatley_, 166 F.Supp. 2d at 1358.

Similarly, in _Ferguson v. Bombardier Services Corp._, 244 Fed. App. 944 (11th Cir. 2007), the 11th Circuit held that the trial court did not abuse its discretion by allowing the defendant's expert witness to submit expert reports after the discovery deadline. The court noted that the expert's report was filed approximately eight weeks before the start of trial.  "This gave [the Plaintiff's] ample time to prepare for [the expert's] testimony and they suffered no prejudice from the district court's decision. _Ferguson_, 244 Fed. Appx. at 950.

In the matter at hand, the Plaintiff has not been prejudiced, and to the extent she has, it is her own fault.  The identity of Donna Whiddon and the identity of Taylor Benefit Resources, as the company that provided notice to the Plaintiff, was provided to the Plaintiff on March 7, 2008. The Plaintiff has failed to present any evidence to this Court that any steps were taken to contact Taylor Benefit Resources or Donna Whiddon to simply inquire as to the facts surrounding their involvement in this case.  In addition, and more importantly, the counsel for all parties

specifically discussed going to Thomasville, Georgia for the deposition of the Ambassador Personnel corporate representative. During these discussions, counsel for the Plaintiff discussed the fact that due to the fact that Taylor Benefit Resources was located in Thomasville, Georgia, she would like to depose someone from Taylor Benefit Resources as well. The Plaintiff, and the Plaintiff alone, made the decision not to move forward with the depositions in Thomasville, Georgia. Given these facts, the Plaintiff's motion is due to be denied.

WHEREFORE, premises considered, Defendants respectfully request this Court to enter an order denying the Plaintiff's Motion to Strike.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain
Attorney for Defendants designated as Ambassador Personnel, Inc., Self-Insurance Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth Cone, individually

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble, Esq.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014

/s/ W. Evans Brittain
OF COUNSEL

## Evans Brittain

**From:**  "Evans Brittain" <ebrittain@ball-ball.com>
**To:**  "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
**Cc:**  "Kimble, Cavender" <CKIMBLE@balch.com>
**Sent:**  Friday, March 07, 2008 10:16 AM
**Attach:**  2418_001.pdf
**Subject:**  Re: Cooper v. Ambassador

Jenny-
   Here are the documents I have received from my client.  I have a call into my client and will let you know one way or the other whether there are any additional documents.

----- Original Message -----
**From:** Jenny Connell Smith
**To:** ebrittain@ball-ball.com
**Cc:** Alicia Haynes
**Sent:** Thursday, March 06, 2008 4:37 PM
**Subject:** Cooper v. Ambassador

Mr. Brittain,

We still have not received your initial disclosure documents.  Could you please produce them at your earliest convenience?

Thanks,

*Jenny Connell Smith*, Paralegal

Jenny Connell Smith
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Phone: (205) 879-0377
Facsimile: (205) 879-3572
E-mail: jlconnell@haynes-haynes.com
Website: www.haynes-haynes.com

PLEASE NOTE:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.



EXHIBIT
1



## Taylor Benefit Resource, Inc.

Excellence in Benefit Services

Office: 229-225-9943
Toll Free: 888-35-CLAIM
Claims fax: 229-225-9795
Business Fax: 229-225-9945

164 Commercial Drive.
P. O. Box 6580
Thomasville, GA 31758

# Fax

*PO 2148*
*M. AL. 36102*

| To: | Neil Fennell | From: | Debbie Story |
|-----|-----|-----|-----|
| Fax: | 226-1282 | Pages: | 8 |
| Phone: | | Date: | 11/10/2007 |
| Re: | L. Smith/Cooper | CC: | |

☐Urgent   xFor Review   ☐Please Comment   ☐ Please Reply   ☐ Please Recycle

Hi Neil, see following cobra documentation that we have on Mrs. Cooper. Please note her cobra began while the Ambassador plans were with BC/BS. I hope this is helpful & let us know if you need anything else. *DS*

*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure. If the reader of this email is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED under penalty of applicable state and/or federal law. If you have received this email in error, please notify the sender immediately.*

```
*********************************************
* NOTICE OF COBRA/CONTINUATION COVERAGE RATE CHANGE *
*********************************************
```

Mailed on: 01/15/2005

   Group  #    : 1125  WORKSTAFF PERSONNEL SERVICE
   COBRA Location : GCBR
             GROUP COBRA

   LAUREN E SMITH
   114   MORGAN ST

   VALLEY, AL  36854



Effective January 1, 2005, Workstaff, Ambassador, Tempo and Thomas Staffing will no long carry Blue Cross Blue Shield and Employer's Life Health Plans.

Participants, including Cobra Participants, will roll over into the new Platinum Plans administered by Taylor Benefit Resource, Inc.

If you are currently enrolled in BCBS or Employer's Life, you will need to complete a new medical enrollment form.  Your coverage will automatically roll over to the new Platinum Plan at the current level of Deductible Coverage you have.  However, the administration records need to be updated.  You may notice a change in premium (please see the enclosed invoice).

The benefits for the Platinum Plans are very similar to the benefits for BCBS and Employer's Life but there are some changes.  We have enclosed a summary of the new benefits.  If you would like to continue your Cobra Coverage, mail your completed medical enrollment form and January payment to Taylor Benefit Resource, Inc.

Upon receipt of your January payment a new ID Card and booklet will be mailed to your.

If you have any questions, please contact
Donna Whiddon
Taylor Benefit Resource, Inc.
229-225-9943 or 1-888-352-5246

2004 09 1701.05 15:03:04  From:TAYLOR BENEFIT RESOU  To:2261282  Page:3/8

**REQUEST FOR CHANGE**    *KH*



Phone (229) 225-9943
Fax    (229) 225-9945
Call  (888) 35 CLAIM

*Taylor Benefit Resource*
164 Commercial Drive
P. O. Box 6580
Thomasville, GA 31758

COMPANY NAME    **Workstaff**
LOCATION    *Auburn, AL*

EMPLOYEE NAME    *Lauren Smith*

SOCIAL SECURITY #    419 29 6558

Under the terms of our policy, I hereby request TBR to do the following:

| COVERAGE CHANGE | Change From: | | Change To: | | Effective Date Of Change |
|---|---|---|---|---|---|
| Medical | ☐Single ☐Child ☐Other | ☐Spouse ☐Family ☐Plan | ☐Single ☐Child ☐Other | ☐Spouse ☐Family ☐Plan | |
| Dental | ☐Single ☐Emp+1 ☐Other | ☐Spouse ☐Family | ☐Single ☐Emp+1 ☐Other | ☐Spouse ☐Family | 9-15-04 |
| Reason for Change | ☐Terminated ☑Voluntary ☐Reduced Hours | | ☐Other ____ | | |
| Name Change | | | | | |
| Beneficiary Change | | | Mitime Copy        TBR | | |
| Address Change | | | To Eligibility    9/15/04 Entered Sent | | |

| Name | Relationship | Sex | Birthdate | Social Security | Add | Drop |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Employee Signature _____    Date _____

Authorized Signature & Title *Roy Kh (Asst)*    Date  9-15-04

01/25/2005 17:03 FAX 404 842 8580      BCBSGA BILLING )
                                       cobra

                                                                          ☑008

Date: 01/25/2005                TravisCobra For Windows          Page:7
Time: 3:54:56 PM                PQB Detail Report                Report: PE

Employer: CONE FINANCIAL GROUP, INC.

---

PQB Name
                                          SS Number        Date of Birth

SMITH, LAUREN
    114 MORGAN ST                         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      09/01/1979
    VALLEY, AL 36854-

Status: Enrolled
                                  Medicaid Participant: No    SS Disability: No

    Event Descriptions
    Qualifying Event  TERMINATION                    Event Dates
    First Day After Loss Of Coverage                 09/14/2004
    Notification                                     09/15/2004
    Election                                         09/23/2004
    First Payment                                    10/28/2004
    COBRA Expiration                                 10/28/2004
    State Extension Expiration - After COBRA         03/15/2006

Plan Sponsor/Carrier        Benefit Plan
    BLUE CROSS BLUE SHIELD OF GA    11190-00   1011190-051 PPO/RX          Premium
        Eligibility: EMPLOYEE ONLY                                        $264.87
Premium Due: 01/01/2005

                                                         Total:   $264.87

---

Cobra Paperwork
    from
    BC/BC

BCBS Cobra eligull

# COBRA SOLUTIONS MEMBER NOTIFICATION FORM

DATE: 9-23-04

SEQUENTIAL FORM #

YOUR GROUP NAME: ___ At One Financial ___ 101190 000 0

YOUR GROUP NUMBER: 101190 000

**PLEASE COMPLETE ALL INFORMATION REQUESTED**

| EMPLOYEE NAME | DOB | CONT. # SS # | TYPE COV- ERAGE | ADDRESS | CODE | DATE (A) |
|---|---|---|---|---|---|---|
| Lauran Smith | 9-01-79 | 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 | BCBS Choice PPO | 114 Magnolia St Valley AL 36854 | | 9-23-04 |

EVENT CODES:
- 01- Termination
- 02- Retirement
- 03- Termination/ Retirement/ Medicare
- 04- Death
- 05- No Longer an Eligible Dependent
- 06- Reduce Hours
- 07- Leave Of Absence
- 08- Divorce/ Separation
- 09- Loss of Coverage
- 10- Other/ Please Explain

✓ If a member is disabled as determined by Social Security at the time of the qualifying event, please check here.

THIS COBRA NOTIFICATION FORM IS TO BE USED TO NOTIFY COBRA ADMINISTRATION OF ELIGIBLE MEMBERS. PLEASE COMPLETE AND MAIL TO:

COBRA Solutions
P.O. BOX 8689
COLUMBUS, GEORGIA 31908
PHONE: (706) 257-1300   800-942-8689
FAX: (706) 257-1966   800 242-5615

706-571-5498

USE THIS FORM TO NOTIFY US OF COBRA QUALIFYING EVENTS FOR YOUR GROUP. PLEASE COMPLETE ALL SECTIONS. PLEASE CALL COBRA SOLUTIONS IF YOU HAVE ANY QUESTIONS.

mailed out 9/23/04

cobra of

G- 112.503 Rev. 1/00

G-AAO-001975-8000

2005012508622 I80I84

PEBE

## CANCELLATION AUTHORIZATION FORM (1)

Return via fax to 404-842-8040

*Correction*

*Cancelled 9/15/04*

| | |
|---|---|
| Group Name: *Cone Financial* | Group Number: *10119000* |
| Completed By: *Nepielle* | Page _____ of _____ |
| Title: | Telephone: *229-228-4903* Date: *9/16/04* |

**Employee** *XRC804465053* *SMITH* *Lauren*

Cancel employee? ☐YES ☐NO If yes → *09/15/04* Coverage being Canceled ☐Medical ☐Dental ☐Life

Please note: Canceling the employee's coverage will cancel coverage for ALL dependents. Reason ☐Date of Death _____ ☐Left Employment ☐Other Coverage

Cancel all dependents? ☐YES ☐NO If NO, complete the following:

| Dependent Name (First, MI, Last Name) | Cancellation Effective Date* | Coverage Being Canceled | | |
|---|---|---|---|---|
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |

Employee signature required for dependent cancellation. _____ Employee Signature _____ Date

**Employee**

Cancel employee? ☐YES ☐NO If yes → Coverage being Canceled ☐Medical ☐Dental ☐Life

Please note: Canceling the employee's coverage will cancel coverage for ALL dependents. Reason ☐Date of Death _____ ☐Left Employment ☐Other Coverage

Cancel all dependents? ☐YES ☐NO If NO, complete the following:

| Dependent Name (First, MI, Last Name) | Cancellation Effective Date* | Coverage Being Canceled | | |
|---|---|---|---|---|
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |

Employee signature required for dependent cancellation. _____ Employee Signature _____ Date

**Employee**

Cancel employee? ☐YES ☐NO If yes → Coverage being Canceled ☐Medical ☐Dental ☐Life

Please note: Canceling the employee's coverage will cancel coverage for ALL dependents. Reason ☐Date of Death _____ ☐Left Employment ☐Other Coverage

Cancel all dependents? ☐YES ☐NO If NO, complete the following:

| Dependent Name (First, MI, Last Name) | Cancellation Effective Date* | Coverage Being Canceled | | |
|---|---|---|---|---|
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |

Employee signature required for dependent cancellation. _____ Employee Signature _____ Date

**Employee**

Cancel employee? ☐YES ☐NO If yes → Coverage Being Canceled ☐Medical ☐Dental ☐Life

Please note: Canceling the employee's coverage will cancel coverage for ALL dependents. Reason ☐Date of Death _____ ☐Left Employment ☐Other Coverage

Cancel all dependents? ☐YES ☐NO If NO, complete the following:

| Dependent Name (First, MI, Last Name) | Cancellation Effective Date* | Coverage Being Canceled | | |
|---|---|---|---|---|
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |
| | | ☐Medical | ☐Dental | ☐Life |

Employee signature required for dependent cancellation. _____ Employee Signature _____ Date

*The cancellation effective date is very important. It should be the specific date (Month, Day, Year) coverage is to terminate. Services incurred on or after the cancellation date will not be covered.*

Independent Licensee of the Blue Cross Blue Shield Association

WHITE COPY - BLUE CROSS AND BLUE SHIELD OF GEORGIA          YELLOW COPY - GROUP          G-AAB-005408 (1/02)

06/14/2004  18:36  3347495943    WORKSTAFF    PAGE  02

**MEMBER ENROLLMENT APPLICATION (1)**



BCBSHP
  Blue Choice Healthcare Plan (HMO)
  BlueChoice Option (POS)
BCBSGA
X Blue Choice PPO    Dental Only
  Traditional Health Plan
Consumer Choice Option
  HMO (BCBSHP)    PPO (BCBSHP)
  POS (BCBSHP)
GGL
  Life Only

GROUP NUMBER  1 0 1 1 9 0 0 0 0    SUB    COMPANY NAME  Cone Financial

114 MORGAN STREET

CITY  VALLEY    STATE AL  ZIP CODE 36864

COUNTY  CHAMBERS  334 756 0328  334 319 3221

SMITH

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

LAUREN    E 09 01 1979

SEX  MALE X FEMALE    ARE YOU APPLYING FOR DENTAL INS.?  X YES  NO  MARITAL STATUS  X MARRIED  SINGLE  WIDOWED  DIVORCED

MEDICARE HIC #

XKC 807 A
6 5 2 3-01
5

Cooper, Kevin K
Smith, Danise A.

HUSBAND
MOTHER

Cards
mod. 6/28/04

in process of
6/17/04

7/1/04 eff date
2nd page of
children
Cards

# DEPOSITION OF LAUREN COOPER

## April 2, 2008

## Pages 1 through 131

## PREPARED BY:

**Haislip, Ragan, Green, Starkie & Watson, P.C.**
**566 South Perry Street**
**Post Office Box 62**
**Montgomery, AL  36104**
**Phone: (334) 263-4455**
**Fax: (334) 263-9167**
**E-mail: haislipragan@charter.net**



Page 45

 1            insurance coverage; right?

 2    A.    It does.

 3    Q.    And along the same lines as this BlueCross

 4          BlueShield letter, it tells you you've got

 5          to provide them notice that you wish to

 6          continue in this program; is that correct?

 7    A.    Correct.

 8    Q.    And it tells you you've got to provide a

 9          premium payment; correct?

10    A.    Correct.

11    Q.    Now, putting aside the fact of whether or

12          not you received this or not, will you

13          agree with me that what that letter says is

14          if you don't provide notice of your desire

15          to stay in this plan and you don't provide

16          a premium payment, you will no longer be

17          covered under this health insurance?

18    A.    It does say that.

19    Q.    And it's your testimony that you never

20          received that?

21    A.    Correct.

22    Q.    Do you know Donna Whiddon, the person whose

23          name is on the bottom of that letter?

1    A.    No, sir.

2    Q.    Other than the fact you -- it's your

3          testimony that you did not receive this

4          letter, do you have any reason to believe

5          that she didn't mail the letter?

6                    MS. HAYNES:   Object to the form.

7    A.    No, sir.

8    Q.    Do you have any reason to believe that she

9          didn't put the proper postage on it --

10   A.    No, sir.

11   Q.    -- other than the fact that you didn't

12         receive it?

13   A.    No, sir.

14   Q.    And do you have any reason to believe that

15         it wasn't put in a mailbox, or whatever,

16         and sent to your address other than the

17         fact that you did not receive it?

18   A.    Right.

19   Q.    You're agreeing with me on that; correct?

20   A.    Correct.

21   Q.    And can you think of any reason why Donna

22         Whiddon or anybody over there at Taylor

23         Benefit Resource would have to

| | | |
|---|---|---|
| 1 | | intentionally fail to notify you of this |
| 2 | | change? |
| 3 | A. | No, sir. |
| 4 | Q. | I mean, you don't know anybody over there; |
| 5 | | right? |
| 6 | A. | No, I don't. |
| 7 | Q. | And you can't think of any reason they |
| 8 | | would have to hold anything against you to, |
| 9 | | you know, intentionally try to prevent you |
| 10 | | from continuing your coverage; is that |
| 11 | | correct? |
| 12 | A. | Correct. |
| 13 | Q. | And, again, aside from the fact you didn't |
| 14 | | receive this letter, do you have any reason |
| 15 | | to doubt the letter was sent on the date |
| 16 | | that it's represented on there of January |
| 17 | | 15, '05? |
| 18 | A. | No, sir. |
| 19 | Q. | I mean, you don't know of anybody else -- |
| 20 | | and if you do, tell me -- but you don't |
| 21 | | know of anybody else that's in the same |
| 22 | | situation you're in where they worked for |
| 23 | | Ambassador, were covered under BlueCross |

```
*****************************************************
* NOTICE OF COBRA/CONTINUATION COVERAGE RATE CHANGE *
*****************************************************
```

Mailed on:  01/15/2005

```
  Group  #        : 1125   WORKSTAFF PERSONNEL SERVICE
  COBRA Location : GCBR
                   GROUP COBRA
```

LAUREN E SMITH
114   MORGAN ST

VALLEY, AL  36854

Effective January 1, 2005, Workstaff, Ambassador, Tempo and Thomas
Staffing will no long carry Blue Cross Blue Shield and Employer's
Life Health Plans.

Participants, including Cobra Participants, will roll over into the
new Platinum Plans administered by Taylor Benefit Resource, Inc.

If you are currently enrolled in BCBS or Employer's Life,
you will need to complete a new medical enrollment form.  Your
coverage will automatically roll over to the new Platinum Plan at
the current level of Deductible Coverage you have.  However, the
administration records need to be updated.  You may notice a change
in premium (please see the enclosed invoice).

The benefits for the Platinum Plans are very similar to the benefits
for BCBS and Employer's Life but there are some changes.  We have
enclosed a summary of the new benefits.  If you would like to continue
your Cobra Coverage, mail your completed medical enrollment form and
January payment to Taylor Benefit Resource, Inc.

Upon receipt of your January payment a new ID Card and booklet will be
mailed to your.

If you have any questions, please contact
Donna Whiddon
Taylor Benefit Resource, Inc.
229-225-9943 or 1-888-352-5246



**REQUEST FOR CHANGE**    *RH*    TBR

Phone (229) 225-9943
Fax   (229) 225-9945
Call  (888) 35 CLAIM

*Taylor Benefit Resource*

164 Commercial Drive
P. O. Box 6580
Thomasville, GA  31758

COMPANY NAME    **Workstaff**

LOCATION    *Auburn, AL*

EMPLOYEE NAME    *Laurin Smith*

SOCIAL SECURITY #    *419 29 6558*

Under the terms of our policy, I hereby request TBR to do the following:

| COVERAGE CHANGE | Change From: | | Change To: | | Effective Date Of Change |
|---|---|---|---|---|---|
| Medical | ☐Single ☐Child ☐Other | ☐Spouse ☐Family ☐Plan | ☐Single ☐Child ☐Other | ☐Spouse ☐Family ☐Plan | |
| Dental | ☐Single ☐Emp+1 ☐Other | ☐Spouse ☐Family | ☐Single ☐Emp+1 ☐Other | ☐Spouse ☐Family | *9-15-04* |
| Reason for Change | ☐Terminated ☑Voluntary ☐Reduced Hours | | ☐Other _____ | | |
| Name Change | | | | | |
| Beneficiary Change | | | *Active Copy / Eligibility Entered Sent* *9/15/04* | | |
| Address Change | | | | | |

| Name | Relationship | Sex | Birthdate | Social Security | Add | Drop |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Employee Signature

Authorized Signature & Title

Date

Date    *9-15-04*