IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAUREN COOPER, et al.,    ) | |
| ) | |
|    Plaintiffs,    ) | |
| v.    ) | CIVIL ACTION NO. |
| ) | 3:07-cv-00615-MEF-WC |
| AMBASSADOR PERSONNEL, INC.,    ) | |
| BLUE CROSS AND BLUE SHIELD    ) | |
| OF GEORGIA, SELF INSURANCE    ) | |
| PLAN OF AMBASSADOR    ) | |
| PERSONNEL AND CONE FINANCIAL    ) | |
| GROUP AS THIRD PARTY    ) | |
| ADMINISTRATOR,    ) | |
| ) | |
|    Defendants.    ) | |

**PLAINTIFF'S MOTION IN EQUITY FOR PROTECTIVE ORDER
MOTION FOR DEFENDANT TO CEASE AND DESIST**

COME NOW, the Plaintiff and her Counsel and moves this Honorable Court for a Protective Order based on the defendant's letter to plaintiff's attorney threatening litigation against the Plaintiff and her Counsel for arguments Plaintiff propounded in Plaintiff's Opposition to Defendant's Second Motion for Summary Judgment. In support of her Motion for Protective Order, Plaintiff provides as follows:

1.    On May 22, 2008, Plaintiff's attorney received a certified letter from Defendant's attorney which demanded that Plaintiff's attorney, retract statements

made in the Opposition to the Second Motion for Summary Judgment filed in this case. **(See Exhibit 1)**. The letter stated in part, "[I]n filing this Opposition Brief, you have, therefore, accused my clients of falsifying documents and submitting those falsified documents in Federal Court." Further, "[M]y clients are tired of the fees and expenses that they have incurred in defending these meritless claims." "[Y]our actions in accusing my clients of fabrication of documents and committing a fraud upon this Court are not acceptable. Therefore, pursuant to *Alabama Code* §6-5-186, please allow this letter to serve as my written demand for a public retraction of the claims that you have made in the Opposition Brief. As is required by the statute, you are called upon to "publish within five days, in as prominent and public a place or manner as the charge or matter published occupied, a full and fair retraction" of these baseless allegations." **(See Exhibit 1, pp. 1 and 2).**

     2.     Plaintiff's Counsel immediately called Defendant Counsel to discuss the letter, but was told by the receptionist that he was unavailable, which is understandable given it is the Friday before the Memorial Day Holiday. However, the five day demand, referenced in Defendant's demand letter expires this Monday, the Memorial Day Holiday.

3.     Defendant's spurious threats to Plaintiff's Counsel and Plaintiff are only made for the improper purpose to influence the litigation and in direct retaliation for Plaintiff bringing this ERISA claim against the Defendant which resulted in the cancellation of Plaintiff's health insurance while she was delivering her child.  The Defendant's threat of litigation and demand for retraction are unfounded and contrary to established Alabama law.

4.     In defamation actions, the only absolute privileged communications recognized under the law are those made during legislative or judicial proceedings or contained in legislative acts of this state which are made under authority of law. *O'Barr v. Feist,* 292 Ala. 440, 445, 296 So.2d 152, 156 (1974); *Tonsmeire v. Tonsmeire,* 281 Ala. 102, 106, 199 So.2d 645, 648 (1967); *Browning v. Birmingham News,* 348 So.2d 455, 458 (Ala.1977); *Mead Corporation v. Hicks,* 448 So.2d 308, 313 (Ala.1983); *Webster v. Byrd,* 494 So.2d 31 (Ala.1986).  It is equally well-established that whether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of law to be decided by the court. *O'Barr v. Feist, supra , Kenney v. Gurley,* 208 Ala. 623, 627, 95 So. 34, 38 (1923); *Interstate Electric Co. v. Daniel,* 227 Ala. 609, 613, 151 So. 463, 466 (1933).

5.  The privilege attached to those communications involving judicial proceedings has been further defined. "'In this class are included slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and ... libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action. In questions falling within this absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or, at least, it does not protect slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant.' "*O'Barr v. Feist,* 292 Ala. at 446, 296 So.2d at 157, quoting *Moore v. Manufacturers' National Bank,* 123 N.Y. 420, 25 N.E. 1048, 1049 (1890).

6.  As such, Defendant's threat and demand for retraction of a litigation position filed in a court pleading, and in good faith, is in direct contradiction to the established law of this State and Circuit. Defendants' threats are meant only for an

improper purpose and to further influence this litigation by directly attacking Plaintiff's counsel.  As an Officer of the Court, Defendant Counsel is charged with knowing the law prior to writing and issuing demand letters threatening future litigation unless there is immediate compliance.  This litigation tactic is misplaced and in direct contradiction to the law.  Further, Defendant's Counsel's litigation tactics are in direct violation of The Alabama Rules of Professional Conduct, Rule 3.1(a) and 3.4(c).

    7.    Wherefore, Plaintiff and her counsel move this Honorable Court, in Equity, for a Protective Order to prohibit Defendants and its Counsel from further written or oral communication that threatens future litigation based on Plaintiff's counsel's representation of her client and to prohibit demands for retractions that Plaintiff Counsel advances in court filings or proceedings in representing and advocating for the Plaintiff.  Defendants actions, if allowed, would inundate the Court system with needless filings as every Defendant who reviewed a Complaint served against it, would file suit against the Plaintiff's lawyer that brought the action.

    8.    Further, Plaintiff and her Counsel move this Honorable Court to issue a Cease and Desist Order, providing that the Defendant and Its Counsel are to cease and desist all further communications and threats that are in direct violation

of the established and long standing law of this State and Circuit.

                                            Respectfully submitted,

                                            /s/ Alicia K. Haynes
                                            Alicia K. Haynes
                                            Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of May 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cavender C. Kimble, Esq.
Balch & Bingham LLP
P.O. Box 306
Birmingham, AL  35201-0306

Evans Brittain
Ball & Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL  36102-2148

                                            /s/Alicia K. Haynes
                                            OF COUNSEL

BALL, BALL, MATTHEWS & NOVAK, P.A.
ATTORNEYS AT LAW
EST. 1891

RICHARD A. BALL, JR.
TABOR R. NOVAK, JR.
CLYDE C. OWEN, JR.
C. WINSTON SHEEHAN, JR.
WILLIAM H. BRITTAIN II
E. HAMILTON WILSON, JR.
RICHARD E. BROUGHTON
T. COWIN KNOWLES
GERALD C. SWANN, JR.
MARK T. DAVIS
JAMES A. RIVES
ALLISON ALFORD INGRAM

2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, ALABAMA 36109-5413
POST OFFICE BOX 2148
MONTGOMERY, ALABAMA 36102-2148
TELEPHONE (334) 387-7680
TELEFAX (334) 387-3222

EMAIL: FIRM@BALL-BALL.COM

N. GUNTER GUY, JR.
B. SAXON MAIN
EMILY C. MARKS
W. EVANS BRITTAIN
WILLIAM D. MONTGOMERY, JR.*
JASON R. WATKINS
W. CHRISTOPHER WALLER, JR.
ALICE H. EMFINGER

*ALSO ADMITTED TO PRACTICE IN FLORIDA

ONE TIMBER WAY, SUITE 200
DAPHNE, ALABAMA 36527
TELEPHONE (251) 621-7680
TELEFAX (251) 621-7681

May 21, 2008

**CERTIFIED & U.S. MAIL**
Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Dear Mrs. Haynes:

As you know, in support of the Second Motion for Summary Judgment that was filed in <u>Cooper et al. v. Ambassador Personnel, et al.</u>, Ambassador submitted the January 15, 2005 letter from Donna Whiddon to your client. This letter evidences the fact that your client received notice of the change in the Ambassador Plan. In your Opposition to the Second Motion for Summary Judgment filed in this case, you contend that the January 15, 2005 letter sent on behalf of my client could not have been sent on January 15, 2005 due to the fact that no one but Blue Cross/Blue Shield and your client knew that your client was receiving COBRA benefits as of that date. In filing this Opposition Brief, you have, therefore, accused my clients of falsifying documents and submitting those falsified documents in Federal Court. With the filing of your opposition, you have made this a public record.

My clients have been very patient with you and your client up until this point. This is the second lawsuit that they have had to defend arising out of your client's employment with Ambassador. The first lawsuit was tried before a jury and resulted in your client taking nothing. The Motions for Summary Judgment that have been filed on behalf of my clients in this case are meritorious and are due to be granted. My clients are tired of the fees and expenses that they have incurred in defending these meritless claims.

Your actions in accusing my clients of fabrication of documents and committing a fraud upon this Court are not acceptable. Therefore, pursuant to *Alabama Code* §6-5-186, please allow this letter to serve as my written demand for a public retraction of the claims that you have made in the Opposition Brief. As is required by the statute, you are called upon to "publish within five days, in as prominent and public a place or manner as the

Alicia K. Haynes, Esq.
May 21, 2008
Page 2

charge or matter published occupied, a full and fair retraction" of these baseless allegations.

    Please be advised that this demand is being made not only upon you, but also your client, Lauren Cooper. Due to the fact that we are presently in litigation, I am not writing her a separate letter, but am notifying her of the same through you, who at all times, have been acting as her attorney in this lawsuit.

    I await your response.

                                      Sincerely,

                                      W. Evans Brittain

WEB/mkg