**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **LAUREN COOPER, individually**  ) | |
| **and as next friend of her child, BCC,**  ) | |
| ) | |
| **Plaintiffs,**  ) | |
| ) | |
| **v.**  ) | **CASE NO.:  3:07cv615-F** |
| ) | |
| **AMBASSADOR PERSONNEL, INC.,**  ) | |
| **BLUE CROSS AND BLUE SHIELD**  ) | |
| **OF GEORGIA, SELF INSURANCE**  ) | |
| **PLAN OF AMBASSADOR**            ) | |
| **PERSONNEL AND CONE FINANCIAL**  ) | |
| **GROUP AS THIRD PARTY**  ) | |
| **ADMINISTRATOR,**  ) | |
| ) | |
| **Defendants.**  ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENT TO OPPOSITION TO
DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

**COME NOW,** the Defendants designated as Ambassador Personnel, Inc., Self-Insurance

Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth

Cone, individually, and hereby file this Reply to Plaintiff's Supplement to Opposition to Defendants'

Second Motion for Summary Judgment, and submit the following:

1.      Mrs. Cooper's basic argument in her Supplemental Opposition Brief is that it was

impermissible for Ambassador to utilize Taylor Benefit Resources ("TBR"), as a T.P.A., to notify

Mrs. Cooper and others of the change in the Ambassador Plan.  Rather, according to Mrs. Cooper,

Ambassador, *itself*, was required to send the actual notice to Mrs. Cooper.

> "[I]t is Ambassador and Workstaff that were directly responsible as the Plan Administrator
> and fiduciaries for notifying the Plaintiff of the change of plans and insuring there was no
> lapse in her insurance coverage."
> …
> "[T]he responsibility of providing COBRA coverage falls exclusively upon the employer,
> who in this case is Workstaff and Ambassador owned by Cone Financial Group."

…
"There was no notice provided by Ambassador or Workstaff and the defendants have produced no evidence to the contrary.  The only evidence presented by defendants is that [the] entity identified in the plan as the 'Claims Supervisor' printed a letter to the Plaintiff dated January 15, 2005."

(Plaintiff's Supplement to Opposition Brief at 2-3, 4, 5).

In other words, according to Mrs. Cooper, Ambassador violated the notice requirements of ERISA by hiring TBR to send out the necessary notices.  Mrs. Cooper contends that the necessary notices had to be mailed or otherwise delivered by Ambassador.  Thus, according to Mrs. Cooper, a plan administrator is prohibited from utilizing a third party to comply with the notice requirements

2.      Mrs. Cooper does not cite this Court to a single case that prohibits a plan administrator from utilizing a T.P.A. or some other outside party to assist the administrator in complying with applicable ERISA provisions, and to the best of these Defendants' knowledge, no such law exists.

The only case cited by Mrs. Cooper in her brief that remotely touches on this subject is *Scott v. Suncoast Beverage Sales, Ltd.*, 29 F.3d 1223 (11th Cir. 2002).  However, even *Scott* is inapposite to the legal issues presented in the Second Motion for Summary Judgment.  The relevant facts and issues of *Scott* are as follows:

Suncoast (the plan administrator) claims that it had entered into a contract with First Health, under which First Health would send out the COBRA notices for Suncoast. Suncoast contends that it satisfied its obligation by providing First Health with the necessary information and instructing First Health to send the COBRA notice to Scott, as was their normal procedure.
…
Here, Suncoast tries to extend the good faith language from these cases to cover a situation in which it has contracted with a third party to send the notice, but there is no evidence that any notice was ever sent by that third party. But Suncoast has cited no case where an employer or administrator was relieved of liability because it had contracted its notification obligations out to a third party. To stretch the good faith language that far would essentially permit an employer to contract away an obligation specifically assigned to it under the statute.

*Scott*, 295 F.2d at 1230, 1231.

As can be seen from the language above, the issue in *Scott* is whether the administrator could avoid liability for failure to provide notice by hiring a third party. The Court held that the administrator could not.[1] This obviously has no bearing on the issue of whether a plan administrator is prohibited from contracting with a third party to assist it in complying with the requirements placed upon it by ERISA.

3. In addition to the fact that there is no case law supporting Mrs. Cooper's argument, this interpretation makes no sense and would actually be counterproductive to compliance with ERISA's rules and regulations.

The requirements set forth by ERISA are numerous and extremely complex, to say the least. According to Mrs. Cooper, an employer, as a plan administrator, must, itself, know all of the intricacies of ERISA and is forbidden from hiring an outside specialist to undertake that task. It would simply be illogical to forbid a plan administrator from contracting with a third party with more knowledge of the requirements set forth by ERISA to enable the administrator to comply with those requirements. That is not to say that the plan administrator is relieved from any potential liability from hiring any such third party- only that a plan administrator may do, in order to properly comply with ERISA requirements.

Further, under Mrs. Cooper's interpretation of ERISA, a plan administrator would be in violation of ERISA if it hired a third party to provide notice, even if it was undisputed that the beneficiary actually received notice.

---

[1] In her initial Opposition Brief, Mrs. Cooper contended that these Defendants argued that the mere hiring of TBR relieved these Defendants from any liability. As the Defendants noted in the initial Reply Brief, this argument was never made by these Defendants in either of the Summary Judgment Motions filed by these Defendants.

4.      The argument presented by these Defendants in the Second Motion for Summary Judgment is very simple.  ERISA requires an administrator to "use measures reasonably calculated to ensure actual receipt."  Ambassador hired TBR to, among other things, provide necessary notice. TBR mailed the necessary notice to Mrs. Cooper.  It is the mailing by TBR on behalf of these Defendants that serves as the basis of the argument presented in the Second Motion for Summary Judgment that these Defendants used measures reasonably calculated to ensure actual receipt.

Mrs. Cooper's Supplemental Brief has presented absolutely no evidence that the letter in question was not mailed, aside from the fact that she claims she did not receive it.  As was noted in the Defendant's Second Motion for Summary Judgment, that fact is not only insufficient to defeat the Defendants' Second Motion for Summary Judgment, it is irrelevant to the issues before the Court.

Further, Mrs. Cooper has failed to present this Court with any authority to support her contention that a plan administrator is forbidden from hiring an outside party to ensure that ERISA requirements are complied with.

WHEREFORE, premises considered, Defendants respectfully request that this Court enter judgment in their favor and against the Plaintiff, as there are no genuine issues of material fact and these Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

/s/ W. Evans Brittain

W. Evans Brittain
Attorney for Defendants designated as Ambassador
Personnel, Inc., Self-Insurance Plan of Ambassador
Personnel, Cone Financial Group as Third-party
Administrator and Kenneth Cone, individually

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com


CERTIFICATE OF SERVICE


I hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of the
Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble, Esq.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014


/s/ W. Evans Brittain
OF COUNSEL