# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN COOPER, individually and as next friend of her child, BCC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO.: 3:07cv615-F |
| AMBASSADOR PERSONNEL, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, SELF INSURANCE PLAN OF AMBASSADOR PERSONNEL AND CONE FINANCIAL GROUP AS THIRD PARTY ADMINISTRATOR, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE
## TO PLAINTIFF'S MOTION IN EQUITY FOR PROTECTIVE ORDER

**COME NOW,** the Defendants designated as Ambassador Personnel, Inc., Self-Insurance Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth Cone, individually, and in response to Plaintiff's Motion in Equity for Protective Order, submit the following:

1.     Mrs. Cooper has filed this Motion with the Court seeking the following relief:

   a.     Prohibit Defendants and its Counsel from further written or oral communication that threatens future litigation based on Plaintiff Counsel's representation of her client and to prohibit demands for retractions that Plaintiff Counsel advances in court filings or proceedings in representing and advocating for the Plaintiff;

   b.     To issue a Cease and Desist Order, providing that the Defendant and Its Counsel are to cease and desist all further communications and threats that are in direct violation of the established and long standing law of this State and Circuit.

(Plaintiff's Motion in Equity for the Protective Order at p. 5-6).

The basis for the Plaintiff's Motion is a letter written by the undersigned counsel to Plaintiff's counsel on May 21, 2008. As noted in the letter, this letter was written pursuant to *Alabama Code* §6-5-186 and served as a demand for a retraction of accusations made by Mrs. Cooper, through her attorney, in this case. Ms. Cooper contends that "Defendant's spurius threats to Plaintiff's Counsel and Plaintiff are only made for the improper purpose to influence the litigation in direct retaliation for Plaintiff bringing this ERISA claim against the Defendant which resulted in the cancellation of Plaintiff's health Insurance while she was delivering her child." Mrs. Cooper is incorrect in this assertion.

2.    First of all, as noted above, and as is noted in the letter to Plaintiff's counsel, this letter was written pursuant to established law which establishes a procedure wherein a person or entity that has had libelous statements published about them may demand that the statements be retracted. Contrary to the Plaintiff's assertion, the letter in question was written to give Mrs. Cooper and her attorney an opportunity to retract the unfounded and unsubstantiated accusation that they made against these Defendants --- not to retaliate against Mrs. Cooper for filing this suit.

3.    Secondly, the facts before this Court simply do not support Mrs. Cooper's contention that this letter was written "in direct retaliation for Plaintiff bringing this ERISA claim."

This lawsuit was filed on or about July 5, 2007. Over ten months have passed from the date of the filing of this lawsuit and the date that the Defendants demanded that Mrs. Cooper and her attorney retract the accusations made against these Defendants. Had the Defendants wished

to "retaliate" against Mrs. Cooper or her attorney for simply filing this claim, they could have done so much earlier in the litigation.

On the other hand, the May 21, 2008 letter written by the undersigned counsel was mailed two weeks after Mrs. Cooper filed her Opposition Brief, which contained the accusations referred to in the May 21, 2008 letter. In addition, the reason that two weeks passed between the filing of the Opposition Brief and the mailing of the letter was due to the fact that Ken Cone, the CEO of Ambassador Personnel, was out of town during that time period, and it was not until Mr. Cone's return to Thomasville, Georgia that he knew of the accusations contained within the Opposition Brief.

Very simply put, the May 21, 2008 letter was written to Plaintiff's counsel and Mrs. Cooper, in care of her attorney, based on the fact that there is no other way to interpret her Opposition Brief as anything other than an accusation that these Defendants and their representatives falsified documents and submitted those falsified documents in Federal Court. To make matters worse, Ms. Cooper could not in any way substantiate these allegations.

Specifically, Mrs. Cooper states, without providing any supporting evidence or documentation, that "it is impossible that Taylor Benefit Resources would have sent a letter on January 15, 2005, to Lauren Cooper when Taylor was not notified of the identify of the Cone COBRA participants until after January 25, 2005, by Blue Cross/Blue Shield." (Plaintiff's Opposition Brief at ¶21). This allegation is based on Mrs. Cooper's faulty assumption that the only means by which Ambassador Personnel and/or Taylor Benefit Resources had to determine the COBRA participants was a January 25, 2005 fax from Blue Cross/Blue Shield. Mrs. Cooper provided absolutely no evidentiary documentation supporting that contention. She elected not to take the deposition of anyone at Ambassador Personnel, Taylor Benefit Resources, or Blue

Cross/Blue Shield in order to determine whether there was any basis, whatsoever, in this accusation. She simply made this accusation and then made it a public record by filing her brief with this Court system.

4.    Mrs. Cooper also references a telephone call that her attorney made to the undersigned counsel upon Mrs. Cooper's receipt of the May 21, 2008 letter.[1]  Plaintiff's counsel called the undersigned counsel's office at approximately 5:00 p.m. on the Friday afternoon before Memorial Day.  (Exhibit 1, Phone Message).  The undersigned counsel had a meeting in Camden, Alabama beginning at 12:45 that afternoon.  The meeting did not conclude until 3:00 or 3:30 that afternoon.  The undersigned counsel was in his car, returning from Camden and did not to return to the office that afternoon.

However, at the time that the Plaintiff's counsel called the undersigned's counsel's office, the undersigned counsel was available by way of car phone.  Both the Plaintiff's counsel and her secretary had previously been provided with the undersigned counsel's car phone

---

[1] Mrs. Cooper contends that this phone call was made due to the fact that the 5-day demand would expire on Memorial Day. Given the fact that Saturdays, Sundays, and legal holidays are excluded in the time computation, Mrs. Cooper's deadline was actually May 29th. See *Fed.R.Civ.P.*6.

On the morning of May 27, 2008, the undersigned counsel, after first learning of the Plaintiff's attorney's phone call, e-mailed Plaintiff's counsel, informing her that the undersigned counsel would call the Plaintiff's counsel while traveling to Birmingham for depositions in another matter. The undersigned's counsel's cellular telephone number was also, once again, provided to Plaintiff's counsel. (Exhibit 4, May 27, 2008 e-mail to Alicia Haynes). The undersigned counsel called Plaintiff's counsel on the way to Birmingham and left a message on Plaintiff's counsel's answering machine due to the fact that the receptionist stated Plaintiff's counsel was not available. Plaintiff's counsel returned this phone call while the undersigned counsel was in depositions, and left a phone message, and undersigned counsel responded to Plaintiff's counsel on the way back from Birmingham, again leaving a phone message due to the fact that Plaintiff's counsel was not available.

On May 29, 2008, Plaintiff's counsel e-mailed the undersigned counsel, acknowledging having received the undersigned counsel's returned phone calls, and notifying the undersigned counsel that she would only communicate with undersigned counsel and his firm via writing. (Exhibit 5, May 27, 2008 e-mail to Evans Brittain). This May 29, 2008 e-mail was sent on the day that the time expired for the retraction to be made.

Thus, it is not exactly clear what significance Mrs. Cooper places upon her attorney's attempt to contact the undersigned counsel at approximately 5:00 p.m. on the Friday before Memorial Day, given the fact that Mrs. Cooper or her attorney had until May 29th in which to provide some sort of response to the May 21, 2008 letter. Mrs. Cooper's attorney had numerous occasions in which to speak with the undersigned counsel before the deadline expired had she so chosen.

number. (Exhibit 2, May 9, 2008 e-mail to Alicia Haynes; Exhibit 3, April 29, 2008 e-mail to Jenny Smith). The Plaintiff's counsel did not attempt to call that phone number.

In addition, Plaintiff's counsel did not attempt to contact the undersigned counsel via e-mail and also did not leave a message on the undersigned counsel's office answering machine. Although it is highly unlikely that the undersigned counsel would have checked the answering machine messages after 5:00 p.m. on the Friday of Memorial Day, and impossible for the undersigned counsel to check e-mail messages without being in the office, due to the fact that the undersigned counsel does not have a Blackberry, had the Plaintiff's counsel sincerely wished to contact the undersigned counsel, she could have attempted to do so in this manner.

5.     As far as the relief requested by the Plaintiff is concerned, the Plaintiff does not provide this Court with any legal authority in support of the relief requested. With all due respect to this Court, these Defendants are permitted by law to demand that false and defamatory accusations made against them be retracted. If Mrs. Cooper and her attorney are correct in their legal assertion that the accusations made by Mrs. Cooper and her attorney are absolutely privileged in the jurisdiction where any cause of action may arise, then that legal defense should be plead as an affirmative defense in response to any complaint that may be filed against Mrs. Cooper and/or her attorney. To hold otherwise would not only deprive these Defendants of their right to demand a retraction, but would also give Mrs. Cooper and her attorney the ability to accuse these Defendants of anything they wish, without Mrs. Cooper or her attorney being held accountable for any such unfounded accusations.

Further, as long as Mrs. Cooper and/or her attorney do not make baseless accusations that rise to the level of the accusations made in the Opposition Brief, neither these Defendants nor the undersigned counsel would have any reason to issue a retraction letter.

WHEREFORE, premises considered, Defendants respectfully request this Court to enter

an order denying the Plaintiff's Motion in Equity for Protective Order/Motion for Defendant to

Cease and Desist.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain
Attorney for Defendants designated as Ambassador
Personnel, Inc., Self-Insurance Plan of Ambassador
Personnel, Cone Financial Group as Third-party
Administrator and Kenneth Cone, individually

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2008, I electronically filed the foregoing with the Clerk of the
Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble, Esq.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014

/s/ W. Evans Brittain
OF COUNSEL

**PHONE CALL**

FOR _____ DATE 5/23 _____ TIME 5 _____ A.M. / P.M.

M _____ Evans

OF _____

PHONE _____ ☐ FAX  ☐ MOBILE

AREA CODE          NUMBER          EXTENSION

MESSAGE _____

Call Alicia Haynes

205 879- 0377

| | |
|---|---|
| | PHONED |
| | RETURNED YOUR CALL |
| | PLEASE CALL |
| | WILL CALL AGAIN |
| | CAME TO SEE YOU |
| | WANTS TO SEE YOU |

SIGNED _____ TOPS. FORM 4003

**EXHIBIT**

1

## Evans Brittain

**From:** "Evans Brittain" <ebrittain@ball-ball.com>
**To:** "Alicia Haynes" <akhaynes@haynes-haynes.com>
**Sent:** Friday, May 09, 2008 2:06 PM
**Subject:** Re: Cooper

Alicia-
     I have drafted the responses to your discovery.  I need to talk to you about a couple of things and if we can agree on that, I can get you the responses to the requests for production and an unsigned copy of the interrogatories by Monday.  I may be able to get you a signed copy of the Interrogatories on Monday as well- Tuesday at the latest.
     I should be here the rest of the afternoon.  Other than a 30 minute errand I have to tend to.  If you cannot get me here, try me on my car phone.  334-224-8633.  Thanks, Evans

     ----- Original Message -----
     **From:** Alicia Haynes
     **To:** 'Evans Brittain'
     **Sent:** Friday, May 09, 2008 9:49 AM
     **Subject:** RE: Cooper

     I had to be out most o fthe day yesterday with my mother at the doctor.  I will be in today and try to call later this afternoon. Thanks. alicia

     *Alicia K. Haynes*

     Alicia K. Haynes
     Haynes & Haynes, P.C.
     1600 Woodmere Drive
     Birmingham, AL  35226
     Phone:  (205) 879-0377
     Fax:  (205) 879-3572
     E-mail:  akhaynes@haynes-haynes.com
     Web:  www.haynes-haynes.com

     PLEASE NOTE:

     The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Evans Brittain [mailto:ebrittain@ball-ball.com]
**Sent:** Thursday, May 08, 2008 3:40 PM
**To:** Alicia Haynes
**Subject:** Re: Cooper



Alicia-
     As we discussed when I called you yesterday afternoon, immediately after getting this email, I was available this morning to discuss the outstanding discovery.  I did not get a call from you so I just called your office and left a message.  I will be here the rest of the afternoon.  I am probably going to have to leave a little before 5:00

today.  I will be here all day tomorrow with the exception of lunch.
  Give me a call when you have a few minutes.  I think we can get all this worked out.  Thanks, Evans

----- Original Message -----
**From:** Alicia Haynes
**To:** 'Evans Brittain'
**Cc:** Jenny Connell
**Sent:** Wednesday, May 07, 2008 5:16 PM
**Subject:** Cooper

Please provide a time that I may call you tomorrow so that we might confer on the outstanding discovery, so I
may file my motion to compel again.  Thanks. Alicia

## *Alicia K. Haynes*

Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
Web:  www.haynes-haynes.com

PLEASE NOTE:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you
are hereby notified that you have received this document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.

## Evans Brittain

**From:**     "Evans Brittain" <ebrittain@ball-ball.com>
**To:**       "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
**Sent:**     Tuesday, April 29, 2008 4:02 PM
**Subject:**  Re: Lauren Cooper

334-387-7680- Work
334-224-8633- Cell
I am going to have to duck out a little early today.
----- Original Message -----
From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
To: "'Evans Brittain'" <ebrittain@ball-ball.com>
Sent: Tuesday, April 29, 2008 3:49 PM
Subject: RE: Lauren Cooper


> What's the general?
>
>
> Jenny Connell Smith, Paralegal
> Jenny Connell Smith
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226
> Phone:  (205) 879-0377
> Facsimile:  (205) 879-3572
> E-mail:  jlconnell@haynes-haynes.com
> Website:  www.haynes-haynes.com
>
> PLEASE NOTE:
>
> The information contained in this e-mail message is intended only for the
> personal and confidential use of the recipient(s) named above. This
> message
> may be an attorney-client communication and as such is privileged and
> confidential.  If the reader of this message is not the intended recipient
> or an agent responsible for delivering it to the intended recipient, you
> are
> hereby notified that you have received this document in error and that any
> review, dissemination, distribution, or copying of this message is
> strictly
> prohibited.  If you have received this communication in error, please
> notify
> us immediately by e-mail, and delete the original message.
>
>
>
>
>
> -----Original Message-----

**EXHIBIT**

*3*

> From: Evans Brittain [mailto:ebrittain@ball-ball.com]
> Sent: Tuesday, April 29, 2008 3:51 PM
> To: Jenny Connell Smith
> Subject: Re: Lauren Cooper
>
> I do not have one
> ----- Original Message -----
> From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
> To: "'Evans Brittain'" <ebrittain@ball-ball.com>
> Cc: "'Alicia Haynes'" <akhaynes@haynes-haynes.com>
> Sent: Tuesday, April 29, 2008 3:38 PM
> Subject: RE: Lauren Cooper
>
>
>> Will do.  What's your direct dial Evans?
>>
>> Jenny Connell Smith, Paralegal
>> Jenny Connell Smith
>> Haynes & Haynes, P.C.
>> 1600 Woodmere Drive
>> Birmingham, AL  35226
>> Phone:  (205) 879-0377
>> Facsimile:  (205) 879-3572
>> E-mail:  jlconnell@haynes-haynes.com
>> Website:  www.haynes-haynes.com
>>
>> PLEASE NOTE:
>>
>> The information contained in this e-mail message is intended only for the
>> personal and confidential use of the recipient(s) named above. This
>> message
>> may be an attorney-client communication and as such is privileged and
>> confidential.  If the reader of this message is not the intended
>> recipient
>> or an agent responsible for delivering it to the intended recipient, you
>> are
>> hereby notified that you have received this document in error and that
>> any
>> review, dissemination, distribution, or copying of this message is
>> strictly
>> prohibited.  If you have received this communication in error, please
>> notify
>> us immediately by e-mail, and delete the original message.
>>
>>
>>
>>
>>
>> -----Original Message-----
>> From: Evans Brittain [mailto:ebrittain@ball-ball.com]

\>\> Sent: Tuesday, April 29, 2008 3:36 PM
\>\> To: Jenny Connell Smith
\>\> Subject: Re: Lauren Cooper
\>\>
\>\> I talked to Alicia and we are going to make a run at settlement.  She
\>\> called
\>\> me on Friday and yesterday and I was out of town on Friday in depos and
\>\> in
\>\> mediation Monday.  I called her back this a.m.  Ask her to call me when
\>\> she
\>\> gets a chance.  Thanks, Evans
\>\> ----- Original Message -----
\>\> From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
\>\> To: "'Kimble, Cavender'" <CKIMBLE@balch.com>; "'Evans Brittain'"
\>\> <ebrittain@ball-ball.com>
\>\> Cc: "Alicia Haynes" <akhaynes@haynes-haynes.com>
\>\> Sent: Tuesday, April 29, 2008 3:24 PM
\>\> Subject: RE: Lauren Cooper
\>\>
\>\>
\>\>\> Evans,
\>\>\>
\>\>\> We never received a response regarding your discovery.  Can you let us
\>\>\> know where you are with responses?
\>\>\>
\>\>\> Thanks, Jenny
\>\>\>
\>\>\> ==================
\>\>\>
\>\>\> Chris,
\>\>\>
\>\>\> We received your e-mail regarding your discovery responses.  I believe
\>\>\> you and I spoke about this and had decided that those items not
\>\>\> applicable to Blue Cross would be responded to as such.  If your
\>\>\> understanding is different, please let us know.
\>\>\>
\>\>\> Thanks, Jenny
\>\>\>
\>\>\>
\>\>\> -----Original Message-----
\>\>\> From: Jenny Connell Smith [mailto:jlconnell@haynes-haynes.com]
\>\>\> Sent: Wednesday, April 16, 2008 7:46 PM
\>\>\> To: 'Kimble, Cavender'; 'Evans Brittain'
\>\>\> Cc: Alicia Haynes
\>\>\> Subject: Lauren Cooper
\>\>\> Importance: High
\>\>\>
\>\>\> Evans,
\>\>\>
\>\>\> We received your initial disclosures on October 22, 2007, referencing
\>\>\> certain documents.  I wanted to confirm that all disclosure documents

>>> have been produced.  It appears that we have about seven pages of
>>> documents which were e-mailed to us in a PDF document on March 7,
>>> 2008.  Additionally, plaintiff propounded discovery to you on January
>>> 16, 2008.  However, it does not appear that Defendants have responded
>>> to Plaintiff's discovery requests.
>>> Please forward Defendants' responses at your earliest convenience.
>>>
>>> ================
>>>
>>> Chris,
>>>
>>> We received your initial disclosures Bates Nos. 1-105, but it doesn't
>>> appear that you have responded to discovery either, which I believe
>>> would simply be responses to request for production, not
>>> interrogatories.  Please forward Defendant's response at your earliest
>>> convenience.
>>>
>>> ================
>>>
>>> If I am incorrect regarding any of the above, please advise.
>>> Additionally,
>>> please confirm with me if it appears that we have all the documents
>>> which have been forwarded to our office.
>>>
>>> Thanks,
>>>
>>>
>>>
>>>
>>>
>>> Jenny Connell Smith, Paralegal
>>> Jenny Connell Smith
>>> Haynes & Haynes, P.C.
>>> 1600 Woodmere Drive
>>> Birmingham, AL  35226
>>> Phone:  (205) 879-0377
>>> Facsimile:  (205) 879-3572
>>> E-mail:  jlconnell@haynes-haynes.com
>>> Website:  www.haynes-haynes.com
>>>
>>> PLEASE NOTE:
>>>
>>> The information contained in this e-mail message is intended only for
>>> the personal and confidential use of the recipient(s) named above.
>>> This message may be an attorney-client communication and as such is
>>> privileged and confidential.  If the reader of this message is not the
>>> intended recipient or an agent responsible for delivering it to the
>>> intended recipient, you are hereby notified that you have received
>>> this document in error and that any review, dissemination,
>>> distribution, or copying of this message is strictly prohibited.  If
>>> you have received this communication in error, please notify us

>>> immediately by e-mail, and delete the original message.
>>>
>>>
>>>
>>>
>>>
>>> -----Original Message-----
>>> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
>>> Sent: Monday, March 31, 2008 9:05 AM
>>> To: Evans Brittain; Jenny Connell Smith; Alicia Haynes
>>> Subject: RE: Lauren Cooper
>>>
>>> I forgot that I have that day blocked out for Thomasville. Will the
>>> TPA be deposed that day as well?
>>> Chris
>>>
>>> -----Original Message-----
>>> From: Evans Brittain [mailto:ebrittain@ball-ball.com]
>>> Sent: Monday, March 31, 2008 8:48 AM
>>> To: Jenny Connell Smith; Kimble, Cavender; Alicia Haynes
>>> Subject: Re: Lauren Cooper
>>>
>>> My rep is available for Thursday the 3rd in Thomasville
>>> ----- Original Message -----
>>> From: "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
>>> To: "'Kimble, Cavender'" <CKIMBLE@balch.com>;
>>> <ebrittain@ball-ball.com>; "Alicia Haynes"
>>> <akhaynes@haynes-haynes.com>
>>> Sent: Monday, March 31, 2008 8:38 AM
>>> Subject: RE: Lauren Cooper
>>>
>>>
>>>> Alicia will be in shortly.  I will get all this together and handle
>>>> before lunch.
>>>>
>>>> Thanks,
>>>>
>>>>
>>>> Jenny Connell Smith, Paralegal
>>>> Jenny Connell Smith
>>>> Haynes & Haynes, P.C.
>>>> 1600 Woodmere Drive
>>>> Birmingham, AL  35226
>>>> Phone:  (205) 879-0377
>>>> Facsimile:  (205) 879-3572
>>>> E-mail:  jlconnell@haynes-haynes.com
>>>> Website:  www.haynes-haynes.com
>>>>
>>>> PLEASE NOTE:
>>>>
>>>> The information contained in this e-mail message is intended only for

>>>> the personal and confidential use of the recipient(s) named above.
>>>> This message may be an attorney-client communication and as such is
>>>> privileged and confidential.  If the reader of this message is not
>>>> the
>>>
>>>> intended recipient or an agent responsible for delivering it to the
>>>> intended recipient, you are hereby notified that you have received
>>>> this document in error and that any review, dissemination,
>>>> distribution, or copying of this message is strictly prohibited.  If
>>>> you have received this communication in error, please notify us
>>>> immediately by e-mail, and delete the original message.
>>>>
>>>>
>>>>
>>>>
>>>>
>>>> -----Original Message-----
>>>> From: Kimble, Cavender [mailto:CKIMBLE@balch.com]
>>>> Sent: Monday, March 31, 2008 8:08 AM
>>>> To: ebrittain@ball-ball.com; akhaynes@haynes-haynes.com
>>>> Cc: jlconnell@haynes-haynes.com
>>>> Subject: Re: Lauren Cooper
>>>>
>>>> Do we have dates for Thomasvoille?
>>>> Sent from my Blackberry wireless
>>>> _____
>>>> _
>>>> _____
>>>> ____
>>>>
>>>> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the
>>>> contrary,
>>>
>>>> this communication (including any attachments) is not intended or
>>>> written to be used, and cannot be used, for the purpose of (i)
>>>> avoiding penalties under the Internal Revenue Code or (ii) promoting,
>>>> marketing, or recommending to another party any transaction or matter
>>>> addressed herein.
>>>>
>>>> CONFIDENTIALITY NOTE: This email and any attachments may be
>>>> confidential and protected by legal privilege. If you are not the
>>>> intended recipient, be aware that any disclosure, copying,
>>>> distribution or use of the e-mail or any attachment is prohibited. If
>>>> you have received this email in error, please notify us immediately
>>>> by
>>>
>>>> replying to the sender and deleting this copy and the reply from your
>>>> system. Thank you for your cooperation.
>>>> _____
>>>> _
>>>> _____

>>>> _
>>>>
>>>> -----Original Message-----
>>>> From: Evans Brittain <ebrittain@ball-ball.com>
>>>> To: Alicia Haynes <akhaynes@haynes-haynes.com>; Kimble, Cavender
>>>> CC: Jenny Connell <jlconnell@haynes-haynes.com>
>>>> Sent: Mon Mar 31 06:19:22 2008
>>>> Subject: Re: Lauren Cooper
>>>>
>>>> I got my hearing moved from April 2. I have the deposition down for
>>>> 10:00 at Alicia's office.
>>>>
>>>>
>>>> ----- Original Message -----
>>>> From: Alicia Haynes <mailto:akhaynes@haynes-haynes.com>
>>>> To: Alicia Haynes <mailto:akhaynes@haynes-haynes.com> ; Evans
>>>> Brittain <mailto:ebrittain@ball-ball.com> ; Kimble, Cavender
>>>> <mailto:CKIMBLE@balch.com>
>>>> Cc: Jenny Connell <mailto:jlconnell@haynes-haynes.com>
>>>> Sent: Thursday, March 27, 2008 2:12 PM
>>>> Subject: RE: Lauren Cooper
>>>>
>>>> My mistake - she is available 4/2.
>>>>
>>>> _____
>>>>
>>>> From: Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
>>>> Sent: Thursday, March 27, 2008 2:08 PM
>>>> To: 'Evans Brittain'; 'Kimble, Cavender'
>>>> Cc: Jenny Connell
>>>> Subject: Lauren Cooper
>>>>
>>>>
>>>> Ms. Cooper is available on 4/1 for deposition. Let me know if this
>>>> will work for you all so I can let her know something definate.
>>> Thanks.
>>>> Alicia
>>>>
>>>> Alicia K. Haynes
>>>>
>>>> Alicia K. Haynes
>>>> Haynes & Haynes, P.C.
>>>> 1600 Woodmere Drive
>>>> Birmingham, AL  35226
>>>> Phone:  (205) 879-0377
>>>> Fax:  (205) 879-3572
>>>> E-mail:  akhaynes@haynes-haynes.com
>>>> Web:  www.haynes-haynes.com
>>>>
>>>> PLEASE NOTE:
>>>>

>>>> The information contained in this e-mail message is intended only for
>>>> the personal and confidential use of the recipient(s) named above.
>>>> This
>>>> message may be an attorney-client communication and as such is
>>>> privileged and confidential.  If the reader of this message is not
>>>> the
>>>
>>>> intended recipient or an agent responsible for delivering it to the
>>>> intended recipient, you are hereby notified that you have received
>>>> this document in error and that any review, dissemination,
>>>> distribution, or copying of this message is strictly prohibited.  If
>>>> you have received this communication in error, please notify us
>>>> immediately by e-mail, and delete the original message.
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>
>>
>>
>>
>
>
>
>
>

## Evans Brittain

**From:** "Evans Brittain" <ebrittain@ball-ball.com>
**To:** "Alicia Haynes" <akhaynes@haynes-haynes.com>
**Sent:** Tuesday, May 27, 2008 7:13 AM
**Subject:** Lauren Cooper

Alicia-

I received your filing and also saw that you called on Friday afternoon at about 5:00 PM. I had a meeting in Camden that lasted until 3:00 or 3:30 and did not come back to the office.

I have depositions this morning in Birmingham. I am going to give you a call on my way up. I thought that I had given you my car phone number. If not, it is 334-224-8633.

Evans

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 (fax)
www.ball-ball.com

NOTE: This is a confidential communication and may contain privileged and/or confidential information. If you are not the intended recipient, please delete this message and attachments, and do not read, copy, retain or disseminate the message or any attachment. If you have received this communication in error, please notify us immediately. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.



EXHIBIT
4

6/2/2008

## Evans Brittain

**From:**     "Evans Brittain" <ebrittain@ball-ball.com>
**To:**       "Alicia Haynes" <akhaynes@haynes-haynes.com>
**Sent:**     Tuesday, May 27, 2008 4:47 PM
**Subject:**  Lauren Cooper

Alicia-
  I got your message this afternoon and left you another message.  I have depositions out of town the next two days.  My car phone is going to be the best way to get me. 334-224-8633.  I am going to be around here another 30 minutes.  Thanks, Evans

W. Evans Brittain
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 (fax)
www.ball-ball.com

NOTE:  This is a confidential communication and may contain privileged and/or confidential information.  If you are not the intended recipient, please delete this message and attachments, and do not read, copy, retain or disseminate the message or any attachment.  If you have received this communication in error, please notify us immediately.  Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.



EXHIBIT
5

6/2/2008