IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN COOPER, individually and as next friend of her child, BCC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 3:07-cv-00615-MEF |
| AMBASSADOR PERSONNEL, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, SELF INSURANCE PLAN OF AMBASSADOR PERSONNEL AND CONE FINANCIAL GROUP AS THIRD PARTY ADMINISTRATOR, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S SECOND MOTION TO STRIKE AFFIDAVIT

**COME NOW,** the Defendants designated as Ambassador Personnel, Inc., Self-Insurance Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth Cone, individually, and hereby file this Response to Plaintiff's Second Motion to Strike Affidavit, submit the following:

1.      Mrs. Cooper has filed this Second Motion to Strike concerning certain evidentiary materials attached to the Defendants' Reply Brief. Mrs. Cooper's motion is due to be denied for two reasons. First of all, there is no substantive basis for Mrs. Cooper's objection based on the facts before this Court and the applicable law. Secondly, as a procedural matter, the objection filed by Mrs. Cooper is untimely. Each of these will be addressed in further detail below.

2.      As far as the substantive issues are concerned, Mrs. Cooper presents two arguments to this Court as to why the evidentiary materials submitted in the Defendant's Reply Brief should be

stricken. First of all, Mrs. Cooper argues that this Court's September 5, 2007 Scheduling Order required that the evidentiary materials submitted in support of the Reply Brief had to have been filed along with the original Motion for Summary Judgment. In other words, according to Mrs. Cooper, these Defendants, according to this Court's scheduling order, are not permitted to submit any rebuttal evidence in response to the Opposition Brief filed by Mrs. Cooper in response to these Defendants' Second Motion for Summary Judgment.

The second reason why Mrs. Cooper argues that these evidentiary materials should not be considered by the Court is that these materials were not produced to Mrs. Cooper in a timely matter, and therefore Ambassador Personnel should not be able to rely upon these documents. Both of these arguments are without merit.

3.      As noted above, the first reason given by Mrs. Cooper as to why the Court should not consider the evidentiary materials submitted in support of the Defendants' Reply Brief is that this Court's September 5, 2007 scheduling order required the Defendants to submit any brief in support of any Motion for Summary Judgment and ***all supporting evidence*** no later than April 2, 2008.[1] Mrs. Cooper contends that the evidentiary materials contained in the Defendants' Reply Brief are therefore due to be stricken because all of that evidentiary material had to have been filed before the dispositive motion deadline.

As can be seen from the evidentiary materials filed in the Defendants' Reply Brief, this evidence is merely rebuttal evidence, which was filed in response to the arguments raised in the Plaintiff's Opposition Brief. Specifically, the Plaintiff's Opposition Brief alleged that "it is impossible that Taylor Benefit Resources would have sent a letter on January 15, 2005, to Lauren Cooper when Taylor was not notified of the identify of the Cone COBRA participants until after

June 25, 2005, by Blue Cross/Blue Shield." (Plaintiff's Response to Ambassador Personnel's Second Motion for Summary Judgment at ¶ 21).

The Affidavit of Neil Fennel (Exhibit 1 to Reply Brief) served as rebuttal evidence in that it conclusively establishes that the January 25, 2006 fax from Blue Cross/Blue Shield was not, as the Plaintiff contends, the only means by which Ambassador Personnel or Taylor Benefit Resources had of determining whether Mrs. Cooper was receiving benefits through Blue Cross/Blue Shield. The affidavit also establishes that Mr. Fennel was aware that Mrs. Cooper was receiving insurance through Blue Cross/Blue Shield by way of monthly bills sent by Blue Cross/Blue Shield to Mr. Fennel. Finally, the affidavit establishes that this information was provided to Taylor Benefit Resources, which thereby provided Taylor Benefit Resources with the information necessary to send the appropriate notice to Mrs. Cooper and others.

The Affidavit of Darlene Taylor (Exhibit 2 to Reply Brief) also establishes that the January 25, 2005 letter from Blue Cross/Blue Shield was not the only means by which Taylor Benefit Resources had of determining who to provide notice to. Mrs. Taylor's Affidavit also provided evidence that the date on the letter sent to Lauren Smith was accurate and could not be changed due to the computer software program through which this letter was generated. Again, this evidence was necessary to rebut the Plaintiff's contention that Taylor Benefit Resources had to have changed the date on the notice letter to Mrs. Cooper because Taylor Benefit Resources could not have sent a letter to Mrs. Cooper on January 15, 2005, the date contained on the notice letter, due to the fact that Taylor Benefit Resources could not have known Mrs. Cooper was receiving insurance through Blue Cross/Blue Shield at that time.

---

[1] The Court, upon the Motion of these Defendants, extended the deadline to file Motions for Summary Judgment to April 11, 2008.

The third and final exhibit to the Reply Brief is a May 7, 2008 e-mail sent to the Mrs. Cooper's attorney's secretary, which contains, among other things, a copy of the Ambassador Plan at issue. This exhibit was offered to rebut Mrs. Cooper's contention that Ambassador Personnel refused to produce the Ambassador Plan.

Thus, all of the exhibits that the Plaintiff contends should be stricken serve as rebuttal evidence to the contentions made by the Plaintiff in her Opposition Brief.

This exact issue was recently addressed in _Hinson v. Chelsea Industries, Inc._, 542 F.Supp. 2d 1236 (M.D. Ala. 2008). In _Hinson_, Judge DeMent ruled that affidavits submitted by a defendant in response to a plaintiff's Opposition Brief were rebuttal evidence, which by definition, were not new evidence.

> First, the Court finds that evidence to which Plaintiff objects - _i.e._, Barton's supplemental affidavit and Thomas' affidavit - is not new evidence. _See Rayon Terrell v. Contra Costa County_, 232 Fed.Appx. 626, 629 n.2 (9th Cir. 2007) (Reply evidence is not new when employer's Reply Brief "addressed the same set of facts supplied in [employee's] opposition to the motion, but provides the full context to [employee's] selected recitation of the fact."

_Hinson_, 542 F.Supp. 2d at 1248.

Similarly, the evidence complained of by Mrs. Cooper was presented solely to rebut the Mrs. Cooper's erroneous contention that Taylor Benefit Resources could not have provided notice to Mrs. Cooper on January 15, 2006 due to the fact that Taylor Benefit Resources was not aware that Mrs. Cooper was receiving benefits through Blue Cross/Blue Shield as of that date. This evidence conclusively establishes otherwise. For that reason, this rebuttal evidence is not new evidence and Mrs. Cooper's argument in that regard is without merit.

4.     The second reason give by the Mrs. Cooper as to why the evidence should be stricken is that this evidence was not properly produced by the Defendants in the course of discovery.

Basically, the Mrs. Cooper contends that the Defendants were withholding this evidence from the Mrs. Cooper until the filing of the Reply Brief and therefore these documents should be excluded.

Specifically, the Mrs. Cooper alleges the following:

> These documents were only produced after Plaintiff filed a Motion to Compel and in Defendants' Reply Brief.
> ...
> This new bevy of evidence is additional evidence, that once again, was not produced nor referenced in the course of discovery or in Defendants' original submission.

(Plaintiff's Second Motion to Strike at ¶ 2, 4).

First of all, these documents were not first produced in the Defendants' Reply Brief as Mrs. Cooper contends. The Reply Brief was filed on May 14, 2008. These documents were produced on May 7, 2008. In fact, Exhibit 3 to the Reply Brief is the May 7, 2008 e-mail to Mrs. Cooper's attorney's secretary containing all of the documents that the Mrs. Cooper now contends were not produced until the Reply Brief.

Secondly, while the Mrs. Cooper is correct that these documents were produced after Mrs. Cooper filed a Motion to Compel, Mrs. Cooper fails to provide this Court with a complete set of facts in that regard.

The following paragraphs discuss in (probably excessive) detail the events surrounding the production of the documents in question. The Defendants are very well aware of the fact that this Court has much more pressing concerns than resolving discovery disputes amongst the parties. However, Mrs. Cooper has alleged these Defendants withheld the production of documents to the prejudice of her. That contention is not correct and the Defendants wish to make this Court aware of the correct facts regarding the production of the documents in question.

Attached hereto as Exhibit 1 is a copy of the "Deleted Items" folder from the undersigned counsel's e-mail. As can be seen from Exhibit 1, the undersigned counsel received an e-mail from Debbie Story, an employee of Taylor Benefit Resources, on May 7, 2008 at 11:08 a.m. The subject of this e-mail is "Lauren Smith Subpoena." A second e-mail was received from Debbie Story at 12:18 p.m. (Exhibit 1). This e-mail was sent because some of the documents in the first e-mail were corrupted and the second e-mail provided the same documents in a readable format. These documents were produced in response to a subpoena issued by these Defendants to Taylor Benefit Resources.

Upon returning from lunch, the undersigned counsel called Mrs. Cooper's counsel's office. The undersigned counsel and Mrs. Cooper's counsel's secretary had had discussions earlier in the day as to whether the Defendants could provide discovery responses that day. Mrs. Cooper had previously agreed to withhold requiring the Defendants from responding to the outstanding discovery, as the parties were engaged in settlement discussions. In the telephone conversation that afternoon, the undersigned counsel informed Mrs. Cooper's attorney's secretary that it would not be possible to have formal responses to Mrs. Cooper's discovery requests in one day. However, the undersigned counsel informed Mrs. Cooper's counsel's secretary that additional documents, which were received from Debbie Story that day, would be provided.

After speaking with Mrs. Cooper's counsel's secretary, the undersigned counsel used the firm's library scanner to scan the documents so that they could be forwarded to Mrs. Cooper's attorney. The two e-mails in Exhibit 1 from "library@ball-ball.com" are the scanned documents. One of the e-mails is dated May 7, 2008 at 1:35 p.m. The second is dated May 7, 2008 at 1:36 p.m. After returning from the library, the undersigned counsel saw that Mrs. Cooper's attorney filed a Motion to Compel while the undersigned counsel was scanning the documents in question. The

Motion to Compel was associated with the e-mail in Exhibit 1 from "e-file_notice@almd.uscou..." dated May 7, 2008 1:37 p.m.

Attached hereto as Exhibit 2 is a copy of the "Sent Items" from the undersigned counsel's e-mail. As can be seen from Exhibit 2, the documents in question were forwarded to Mrs. Cooper's counsel's secretary on May 7, 2008 at 1:46 p.m.

Thus, while Mrs. Cooper is technically correct that the documents in question were not received by her until after she filed a Motion to Compel, had Mrs. Cooper's counsel waited about ten minutes, she would have had the documents in question without having to file a Motion to Compel. In fact, had Mrs. Cooper's counsel not filed a Motion to Compel, which the undersigned counsel read before forwarding the scanned documents, she probably would have received the documents a few minutes sooner.

Thus, when it is all said and done, the documents that Mrs. Cooper complains were not timely produced were not even in the Defendants' possession until approximately 2-1/2 hours before they were in the Mrs. Cooper's possession. The Defendants produced these documents to Mrs. Cooper within three hours of receipt of these documents.

It also bears noting that these documents were received pursuant to a subpoena issued to Taylor Benefit Resources.[2]  Nothing prevented the Mrs. Cooper from subpoenaing these records herself.

Finally, as of May 7, 2008, Taylor Benefit Resources had not responded to the subpoena. Due to the fact that the subpoena was not received by Taylor Benefit Resources until April 14, 2008, Taylor Benefit Resources was not required to have responded to the subpoena. The only reason Mrs. Cooper received the documents as soon as she did was because these Defendants called and

requested the documents on May 7, 2008, after talking with Mrs. Cooper's attorney's secretary about responding to outstanding discovery. Taylor Benefit Resources complied on that same day. Thus, rather than withholding documents, as Mrs. Cooper contends, the Defendants actually facilitated Mrs. Cooper receiving these documents sooner than she otherwise would have.

5.     Additionally, as was the case with the identity of Donna Whiddon, the witness whose affidavit Mrs. Cooper has asked this Court to strike in her first Motion to Strike, to the extent the person's providing affidavits were not provided in the initial disclosures, sufficient evidence was provided to Mrs. Cooper to allow her to identify these individuals as persons having knowledge of the facts concerning this lawsuit.

First of all, Neil Fennel was identified in the Initial Disclosures.

While Darlene Taylor was not disclosed in the initial disclosures, the reason why she was not disclosed in the initial disclosures was because the Defendants were not aware of the fact that she may have knowledge of the facts pertinent to this suit until after the initial disclosures were filed. On May 21, 2008, the Defendants Supplemented the initial disclosures and provided Darlene Taylor's name. (Exhibit 5).[3]

In addition, Darlene Taylor is the CEO of Taylor Benefit Resources. As is noted in the Defendants response to Mrs. Cooper's first Motion to Strike, on March 7, 2008 Mrs. Cooper was provided documents that revealed that Taylor Benefit Resources was the third party administrator

---

[2] A copy of the Subpoena is attached hereto as Exhibit 3. A copy of the Return Receipt dated April 14, 2008 is attached hereto as Exhibit 4.

[3] As will discussed in more detail below, Mrs. Cooper was clearly aware of Mrs. Taylor's identity by May 14, 2008. In addition, on May 20, 2007, Mrs. Cooper filed a Motion for Leave to file a Supplemental Brief, which this Court granted that very same day, giving Mrs. Cooper until May 27 in which to file a Supplemental Response. Mrs. Cooper did not make any attempt to schedule the deposition of anyone at Taylor Benefit Resources until May 29, 2008, two days after her Supplemental Brief was due. (Exhibit 6). Although it would have been difficult to have scheduled an out of town deposition on such short notice, Mrs. Cooper did not even make an attempt to do so.

handling insurance matters for Ambassador. (Defendants' Response to Plaintiff's Motion to Strike at Exhibit 1). These documents also contained a phone number for Taylor Benefit Resources. (*Id.*).

Further, Mrs. Cooper acknowledged in her deposition that she spoke with individuals at Taylor Benefit Resources in February of 2005 concerning issues related to her health insurance. (Exhibit 7, Cooper Depo at 57:13 – 58:20). Finally, as noted in the Defendants' Response to Mrs. Cooper's first Motion to Strike. Mrs. Cooper's attorney discussed deposing the corporate representative, who likely would have been Darlene Taylor, in April of 2008, but decided against doing so.

Thus, the same is true with respect to Darlene Taylor as was the case with Donna Whiddon. Mrs. Cooper had sufficient information before her to allow her to know the identity of these individuals no later than March 7, 2007.

This identical issue was brought before this Court earlier this year in *Watts v. Hospitality Ventures*, 2008 W.L. 220798 (M.D.Ala. 2008).[4] In fact, the same attorney representing Mrs. Cooper in the matter at hand represented the plaintiff who filed the Motion to Strike in *Watts*. In *Watts* the defendant submitted the affidavit of two individuals, who were not identified in the defendant's initial disclosures, in support of its Motion for Summary Judgment. The plaintiff moved to strike the affidavits on the grounds that the individuals were not identified in the initial disclosures. The defendants pointed out the fact that the one of the individuals was identified through emails and during depositions. The other individual was in a separately provided affidavit. Based on these facts, this Court denied the plaintiff's Motion to Strike.

Although Darlene Taylor was not specifically identified in documents, as was the case with Donna Whiddon, Taylor Benefit Resources was. Further, Mrs. Cooper knew about Taylor Benefit

Resources and their connection to this case in February of 2005. Darlene Taylor is the CEO of Taylor Benefit Resources. Had Mrs. Cooper followed up on any of this information and contacted Taylor Benefit Resources, she would have been directed to Darlene Taylor, just as the undersigned counsel was when Taylor Benefit Resources was contacted to discuss the facts surrounding this case.

Therefore, given the facts set forth above and the applicable case law cited herein, Mrs. Cooper Motion to Strike is due to be denied.

6.    Finally, in addition to the substantive reasons set forth above, Mrs. Cooper's Motion is due to be denied because this Motion, in reality, is nothing more than a surreply and was filed after the deadline established by this Court.

The Defendants' Second Motion for Summary Judgment was filed on April 11, 2008. Mrs. Cooper was originally given until May 2 in which to file her response. After Mrs. Cooper submitted an unopposed Motion to Extend the Deadline by Seven Days, this Court entered an Order granting the motion in part, and denying the motion in part, allowing, Mrs. Cooper until May 7 in which to file her response. The Defendants filed their Reply on May 14.

On May 20 this Court granted Mrs. Cooper's Motion to file a supplemental brief, giving Mrs. Cooper until May 27 in which to file her supplemental brief, which Mrs. Cooper did timely file. Mrs. Cooper filed the instant motion on June 11.

Obviously, as of May 27, 2008, the deadline given to Mrs. Cooper to file her Supplemental Brief, she was aware of the evidentiary materials filed in support of the Defendants' May 14, 2008 Reply Brief. However, Mrs. Cooper failed to make any objection to these evidentiary materials in her May 27, 2008 filing. Having failed to do so by the May 27, 2008 deadline, she may not do so now.

---

[4] The is an unpublished opinion.

Therefore, in addition to the reasons set forth above, Mrs. Cooper's objection is untimely and should be denied for that reason as well.

WHEREFORE, premises considered, Defendants respectfully request this Court to enter an order denying the Plaintiff's Second Motion to Strike.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain
Attorney for Defendants designated as Ambassador Personnel, Inc., Self-Insurance Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth Cone, individually

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama 36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226


/s/ W. Evans Brittain
OF COUNSEL



**Deleted Items - Outlook Express**

File  Edit  View  Tools  Message  Help

Create Mail | Reply | Reply All | Forward | Print | Delete | Send/Recv | Addresses | Find

**Folders**
- Outlook Express
- Local Folders
  - Inbox
  - Outbox
  - Sent Items
  - Drafts
  - Deleted Items
  - Employment
  - Incoming Faxes
  - Saved Email

| ! | From | Subject | Received ▽ | To |
|---|------|---------|------------|-----|
| | Sam Ingram | Fw: | 5/7/2008 2:40 PM | ebrittain@ball-ball.com |
| | efile_notices@almd.uscou... | Activity in Case 3:07-cv-00615-MEF-WC Cooper v. A... | 5/7/2008 1:37 PM | almd_mailout@almd.uscour... |
| | library@ball-ball.com | [2/2]Attached Image | 5/7/2008 1:36 PM | WEB |
| | library@ball-ball.com | [1/2]Attached Image | 5/7/2008 1:35 PM | WEB |
| | Debbie Story | Scanned SPD | 5/7/2008 12:18 PM | Evans Brittain |
| | Debbie Story | RE: Luxren Smith Subpoena | 5/7/2008 11:08 AM | Evans Brittain |
| | Alicia Haynes | Cooper v. Ambassador | 5/7/2008 9:55 AM | 'Evans Brittain' |
| | James Langkin | Billie McClusky v. Ronny E. Sanders, et al. | 5/5/2008 4:08 PM | topiecassody@bellsouth.net |
| | Clint Mountain | Re: Megan McCular | 5/5/2008 3:42 PM | Evans Brittain |
| | Kitty Gregory | USAA/Cooper | 5/5/2008 12:18 PM | Evans Brittain |
| | Suzanne Sarfe- Claims S... | 201460H/VAUGHN, JEFF | 5/5/2008 12:13 PM | Alan Mershon - BC Claims S... |
| | Clint Mountain | Re: Megan McCular | 5/5/2008 11:04 AM | Evans Brittain |
| | Clint Mountain | Re: Megan McCular | 5/1/2008 10:42 AM | Evans Brittain |
| | Susan Slauson | Fax_001 (26).pdf | 5/1/2008 9:03 AM | Evans Brittain |
| | Les Lambert | Depositions of Steve Wainwright, Pete Crowe, et al. | 4/30/2008 4:22 PM | ebrittain@ball-ball.com |

**From:** efile_notices@almd.uscourts.gov  **To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-00615-MEF-WC Cooper v. Ambassador Personnel, Inc. et al Notice of Correction

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**Notice of Electronic Filing**

U.S. District Court

Alabama Middle District

440 message(s), 0 unread

start | Deleted Items - Outl... | Document2 - Micros... | Document3 - Micros... | CM/ECF - U.S. Distri... | 8:07 AM



EXHIBIT
1





## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

LAUREN COOPER   )
        )
  Plaintiff,   )
        )
v.        )  **CASE NO.:  CV-05-RRA-1814-S**
        )
WORKSTAFF PERSONNEL  )
        )
  Defendant.   )

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

   Take notice that upon the expiration of fifteen (15) days from the date of service of this Notice, the defendants will apply to the Clerk of this Court for the issuance of the attached subpoenas directed to the following non-parties:

> Taylor Benefit Resource
> ATTN: Darlene Taylor
> 164 Commercial Drive
> Thomasville, GA 31757

The parties are requested to produce the documents or things at the time and place specified in the subpoena.

### Notice Regarding Standards for Privacy of Individually Identifiable Health Information

   Defendant hereby gives notice that the attached non-party subpoena requests documents and things that may contain protected health information, as defined by 45 C.F.R. § 164.501, and that this notice is intended to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Standards for Privacy of Individually Identifiable Health Information ("the Privacy Rule") notice requirements applicable to Disclosures in the Course of Judicial Proceedings in response to a subpoena as provided for at 45 C.F.R § 164.512(e)(1)(ii)(A) and (e)(1)(iii). Pursuant to 45 C.F.R. § 164.512, written authorization from



EXHIBIT
3

the patient is not required for the disclosure of protected health information under these circumstances.

## HIPAA CERTIFICATION

If and when the attached subpoena directed to the non-party to produce the documents and things is issued by the Clerk of this Court, the fact of issuance constitutes reasonable assurance, as described at 45 C.F.R. § 164.512(e)(1)(iii), that: (A) the party requesting such information has made a good faith attempt to provide written notice to the individual, who is represented by legal counsel in this judicial action and who the undersigned requesting party is prohibited from contacting directly, by giving this notice to the legal counsel of record for the individual; (B) the notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court; and (C) the time for the individual to raise objections to the court has elapsed and: (1) no objections were filed; or (2) all objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

W. EVANS BRITTAIN
Attorney for Cone Financial Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid, this the 8th  day of April, 2008.

Alicia K. Haynes
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble
Balch & Bingham LLP
1901 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014
(205) 226-3437 - Phone
(205) 488-5860 - Fax

_____
OF COUNSEL

## UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ ALABAMA

LAUREN COOPER

v.

WORKSTAFF PERSONNEL

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: CV-05-RRA-1814-S

TO:    Taylor Benefit Resource
       ATTN: Darlene Taylor
       164 Commercial Drive
       Thomasville, GA 31757

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

DATE:          _____
TIME:          _____
ROOM:          _____
ADDRESS:       _____

_____ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION:                          DATE AND TIME:

XX      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHMENT "A"

PLACE:                                        DATE:
W. Evans Brittain, Esq.                       **April 24, 2008**
Ball, Ball, Matthews & Novak
P.O. Box 2148
2000 Interstate Park Dr., Ste. 204
Montgomery, AL 36102

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES:                                     DATE AND TIME:

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE          DATE:  April 9, 2008

W. Evans Brittain/Attorney for Defendant

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:
W. EVANS BRITTAIN, ESQ.
Ball, Ball, Matthews & Novak, P.A.
P. O. Drawer 2148
Montgomery, AL  36102-2148
(334) 387-7680

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

ATTACHMENT "A"

1.     Any and all documents relating to Lauren Cooper a/k/a Lauren Smith.

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Taylor Benefit Resource
ATTN: Darlene Taylor
164 Commercial Drive
Thomasville, GA 31757

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X                                      □ Agent
                                       □ Addressee
B. Received by ( *Printed Name* )   C. Date of Delivery
Charity Bozeman 4/14/08
D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.
4. Restricted Delivery? (*Extra Fee*)           □ Yes

2. Article
   (Tran)          7008 0150 0003 1227 9540

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



Original to *Haynes & Kimble*
on ___5-21-08___

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN COOPER, individually | ) | |
| and as next friend of her child, BCC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 3:07cv615-F** |
| | ) | |
| AMBASSADOR PERSONNEL, INC., | ) | |
| BLUE CROSS AND BLUE SHIELD | ) | |
| OF GEORGIA, SELF INSURANCE | ) | |
| PLAN OF AMBASSADOR | ) | |
| PERSONNEL AND CONE FINANCIAL | ) | |
| GROUP AS THIRD PARTY | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
| Defendants. | ) | |

### SUPPLEMENT TO INITIAL DISCLOSURE

**COME NOW,** the Defendants designated as Ambassador Personnel, Inc., Self-Insurance

Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth

Cone, individually, and hereby supplement its Initial Disclosures as follows:

1.     The following individuals may have information relevant to the claims asserted

by the Plaintiff and the defenses presented by these Defendants:

A.     Donna Whiddon - Mrs. Whiddon was the employee from Taylor Benefit

Resources who wrote Lauren Cooper notifying her that health Insurance would be offered

through a self-funded plan and no longer through Blue Cross/Blue Shield.  In addition, Mrs.

Whiddon spoke with Mrs.  Cooper and discussed the options available to Mrs. Cooper

concerning the payment of the premium owed to continue her COBRA benefits.



EXHIBIT
5

B.    Darlene Taylor - Darlene Taylor is the CEO of Taylor Benefit Resources and has general knowledge concerning the Ambassador Plan and the Third Party Administration of healthcare plans in general.

C.    Chris Buswell - Mr. Buswell is the Vice President of Operations for Taylor Benefit Resources.   Mr. Buswell has general information concerning the claims processed, as well as computer programs utilized by Taylor Benefit Resources in processing claims.

Respectfully submitted,


/s/ W. Evans Brittain
W. Evans Brittain
Attorney for Defendants designated as Ambassador Personnel, Inc., Self-Insurance Plan of Ambassador Personnel, Cone Financial Group as Third-party Administrator and Kenneth Cone, individually

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes
1600 Woodmere Dr.
Birmingham, AL 35226

Cavender C. (Chris) Kimble, Esq.
BALCH & BINGHAM, LLP
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, Alabama 35203-2014

/s/ W. Evans Brittain
OF COUNSEL

## Evans Brittain

**From:**      "Jenny Connell Smith" <jlconnell@haynes-haynes.com>
**To:**        "'Evans Brittain'" <ebrittain@ball-ball.com>; "'Chris Mitchell'" <cmitchell@maynardcooper.com>
**Cc:**        "'Alicia Haynes'" <akhaynes@haynes-haynes.com>
**Sent:**      Thursday, May 29, 2008 9:44 AM
**Subject:**   30(b)(6) depositions

Alicia has asked me to contact each of you to obtain available dates to conduct the 30(b)(6) depositions of Ambassador Personnel and Taylor Benefit Resources.  Please let us know when you are available prior to the discovery cutoff in this matter which is currently June 17, 2008.

We look forward to hearing from you at your earliest convenience.

Thanks,

*Jenny Connell Smith,* Paralegal

Jenny Connell Smith
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226
Phone:  (205) 879-0377
Facsimile:  (205) 879-3572
E-mail:  jlconnell@haynes-haynes.com
Website:  www.haynes-haynes.com

PLEASE NOTE:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.



EXHIBIT
6

6/18/2008

ORIGINAL

1

1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE MIDDLE DISTRICT OF ALABAMA

3     EASTERN DIVISION

4

5  LAUREN COOPER, et al.,

6     Plaintiffs,

7  Vs.                CIVIL ACTION NO.
                      3:07-CV-00615-MEF-WC

8  AMBASSADOR PERSONNEL, INC.;
    BLUECROSS and BLUESHIELD of

9  GEORGIA, self insurance plan of
    AMBASSADOR PERSONNEL and CONE

10  FINANCIAL GROUP as third party
    administrator,

11
      Defendants.

12

13

14         * * * * * * * * * * * *

15

16    **DEPOSITION OF LAUREN COOPER,** taken pursuant

17  to stipulation and agreement before Haley A.

18  Phillips, Certified Court Reporter, ACCR # 151, and

19  Commissioner for the State of Alabama at Large, in

20  the Law Offices of Haynes & Haynes, 1600 Woodmere

21  Drive, Birmingham, Alabama, on Wednesday, April 2,

22  2008, commencing at approximately 10:15 a.m.

23        * * * * * * * * * * *

EXHIBIT
7

57

```
 1   A.    I don't understand.  I'm sorry.
 2   Q.    When you called her on that day, which
 3         would have been about the same day that you
 4         received this letter, was it that day that
 5         she told you that Taylor Benefit Resource
 6         was handling the insurance now?
 7                    MS. HAYNES:  Object to the form.
 8               And that letter --
 9                    MR. BRITTAIN:  Excuse me.  I'm
10               sorry.
11                    MS. HAYNES:  -- is Defendant's
12               Exhibit 8.
13   Q.    Let me -- Defendant's Exhibit 8, when you
14         received that, I believe you testified that
15         you called Leslie that day.
16   A.    Correct.
17   Q.    All right.  And --
18                    MS. HAYNES:  And just for the
19               Record, I mean, the letter is
20               dated February 11th.  I don't
21               think she would have called
22               that day.
23                    MR. BRITTAIN:  Right.  My first
```

58

```
 1                         question was --

 2                    MS. HAYNES:  Some mailing time.

 3      A.   I believe it was February 15th, the day I

 4           received the letter.

 5      Q.   All right.  Is there any reason why you

 6           pick that day?  I mean, how do you remember

 7           that?

 8      A.   I just remember that's the day I found out

 9           my insurance was canceled.

10      Q.   Okay.  Did -- So you would have called

11           Leslie on about February 15th?

12      A.   Yes, sir.

13      Q.   And she would have told you on that

14           occasion that Taylor Benefit was now

15           handling the insurance?

16      A.   Correct.

17      Q.   Did you call Taylor Benefit on that day?

18      A.   Immediately I called Taylor Benefit.

19      Q.   Would it have been that day?

20      A.   Yes, sir.

21      Q.   And --

22                    MS. HAYNES:  That day meaning ...

23                    MR. BRITTAIN:  The 15th.
```